But I do not deem the objection of importance, for even if the affidavit should be excluded the motion should be denied, if I am correct in the conclusions at which I have arrived on the law and practice.

The motion will be denied without costs, and without prejudice to any action or other proceeding to attain the end sought by the motion.

.I do not understand that there is any objection to paying the costs and disbursements taxed and included in the judgment, except the referee's and witnesses' fees, which were paid by the defendant himself and not by the attorney. Indeed, the plaintiff has offered to pay such costs and disbursements, and still holds the amount ready for the attorney whenever he will accept that amount. To this extent the plaintiff admits and recognizes the attorney's claims and lien. The motion was, of course, unnecessary as regards those costs and disbursements. I presume the attorney can have this amount by calling for it, or if payment should be refused he could issue execution therefor, without any order or application to the court.

Motion denied.

---

# COURT OF APPEALS.

## EDWARDS PIERREPONT, executor of ALFRED H. P. EDWARDS agt. MARY G. EDWARDS and others.

*Construction of a will.*—Where the testator, in the second section of his will, directed in these words: " That my executors pay out of the income of my estate to my wife $8,000 per annum, if I shall leave a child or children by her, so long as she shall live and remain my widow;" and then in the third section declared, "if there shall be no child or children, then I direct that my said executors do pay unto my said wife $7,000 per annum so long as she shall live and remain my widow, and pay the residue of the income of my said estate in equal portions unto my brother, John M. Edwards, my sister Frances, wife of William S. Hoyt, and my sister Henrietta, wife of Worthington Hooker;" and in the fourth section directed that in case he left a child or children, his entire estate should remain in trust for their benefit, until such children should arrive at majority, when it

should be equally divided between them, "reserving in trust $8,000 per annum for my wife, so long as she lives and remains my widow," and he left no children;

And it appeared in evidence, that at the time of his death he supposed himself possessed of a clear income sufficient to pay the largest of the annuities bequeathed to his wife, and to have a surplus for the benefit of his brother and sisters, but owing to a depreciation of the estate, the income proved inadequate to pay the widow's annuity of $7,000,

*Held,* that the bequest to the wife, although *demonstrative* as pointing out the fund from which it was to be paid, *was not specific,* so that it failed or abated in consequence of the inadequacy of such fund; but was *general and payable at all events* out of the *corpus* of the estate.

Each case of this nature must depend upon a consideration of the material provisions of the will, and the extrinsic circumstances of the testator's family and estate, which may be fairly brought to bear upon the question of *intent.*

A separate and independent intention to bequeath a sum of money or an annuity at all events, will not be permitted to be overruled merely by a direction in the will, that the money is to be raised in a particular way or out of a particular fund.

The provision for his widow was the primary and most material portion of the testator's intent, while that for his brother and sisters was incidental and subordinate to that.

*September Term,* 1862.

This was an appeal from the judgment of the supreme court in the first judicial district, giving a construction to the will of the late Alfred H. P. Edwards.

That court decided that under the will the widow's annuity was payable only out of the income of his estate; and that the income having proved insufficient to pay it, she was not entitled to payment of the deficiency out of the body of the estate.

The facts appear sufficiently in the opinion of Chief Judge Denio.

Edwards Pierrepont, *for the executor.*

Wm. Bliss, *for the defendants, Hooker and wife.*

A. W. Bradford and Thomas H. Rodman, *for Mrs. Edwards.*

Denio, J. The only question which I think it necessary to consider in this case is, whether the bequest of the annuity of $7,000 a year to the testator's wife was specific in the sense that if it could not be paid out of the fund indicated, namely, the income of the trust estate, it was to fail

or to abate in the proportion that the indicated fund should prove deficient; or on the other hand whether it was intended by the testator that it should be paid at all events—the income of his property given to the trustees being pointed out by way, as it is called, of demonstration. I am of opinion that the last mentioned construction is the one which we are bound to place upon the instrument. The authorities upon the question are very numerous, and the most prominent of them have been referred to by the counsel for Mrs. Edwards, the appellant. It will be seen by an examination of them that no positive rule of ready application to every case can be laid down, but that each case will depend upon a consideration of all the material provisions of the will to be construed, and of the extrinsic circumstances respecting the testator's family and estate, which may be fairly brought to bear upon the question of intent. The leading principle of the cases is, that when the testator bequeaths a sum of money, or which is the same thing, a life annuity in such a manner as to show a separate and independent intention that the money shall be paid to the legatee at all events, that intention will not be permitted to be overruled merely by a direction in the will that the money is to be raised in a particular way or out of a particular fund. (*Sir James Wigram, in Dickin* agt. *Edwards,* 4 *Hare,* 273.)

There is in this will a positive direction to the executors (who are also made trustees) to pay to the testator's wife eight thousand dollars ($8,000) per annum if he shall leave children, and seven thousand dollars ($7,000) per annum if he shall not; but, as to the first mentioned sum, it is parcel of the direction that it is to be paid out of the income of the estate, and it is plausibly argued that the same qualification is annexed by implication to the direction to pay the seven thousand dollars per annum, in the event which has happened, of there being no children. The evidence and the admissions of the parties show that the testator sup-

posed himself to have a clear income, arising upon invested property, sufficient to pay the largest of the annuities, and to have a considerable surplus of income, which he destined for the benefit of his brother and sisters. But their right to participate was to be subordinate to that of the wife, who has to be paid her $8,000 or $7,000, as the case might be, before anything should be paid to them. It now appearing that he was mistaken as to the sufficiency of his revenue to pay continuously even the smallest of the annuities, which the event has shown to be the only one which can be claimed, and that only a portion of it can be paid from the income, the question arises, which was the primary and most material portion of the testator's intent, and which was, in his mind, the incident to such primary intention? Manifestly, it seems to me, it was that his widow should receive one or the other of the alternate sums mentioned, according to the event.

In the first place, this annuity was the only provision made for her in any part of the will. He contemplated that there might be issue of the marriage between himself and his wife, for he graduated the amount of the annuity by that circumstance; but if the provision is to be strictly conditioned upon his estate continuing to yield income, it might happen that his wife and children would be without any means of support derived from his estate, while the estate itself might be of vendible value to a large amount. It was shown that a large amount had been invested in unproductive lands, from which, of course, no revenue could be expected. It is not suggested but that the personal property, stocks, vessels, &c., may be converted into money at some reasonable price. It is shown, indeed, that in the present condition of the property, sufficient income will not be realized to pay the annuity in full. Whether this would be so if it were converted into money, does not appear from the case.

But it is argued on behalf of the brother and sisters that

the testator is to be considered as equally solicitous to bestow a pecuniary benefit upon his brother and sisters, as upon his wife, or his wife and children, if he should have children. Hence it is suggested that his wishes and intentions will not be altogether disappointed if, upon the failure of income, the body of the estate is kept unemployed during the lifetime or widowhood of his wife, for the benefit of his brother and sisters. This view seems to me very unreasonable. The brother and sisters were not the primary objects of these dispositions. They were only to participate in the income, provided it should be so large as to produce a surplus after applying to the wife and children the sum which he thought it necessary for them to have. There failing to be any such surplus, the benefits intended for them were to be postponed until after her death; but it was only in a contingency that they were then to have any interest, for if the testator should leave children, the brother and sisters would be wholly excluded from participation. Again, in the event of there being no children, the brother and sisters did not occupy so favorable a position as that of devisees in remainder after the death of his wife, for it was their children and not themselves who, upon the event of the extinction of his own family, were to become the final beneficiaries of the estate.

Again, the first paragraph of the fourth division of the will proves beyond question that the testator had no such intention as is attributed to him, of confining his widow strictly to a participation, and of preserving the whole of the principal for the benefit of the brother and sisters and their issue. The provision is, that if there should be children, upon their attaining their majority, the sum of eight thousand per annum should be reserved for the benefit of his wife. It cannot be pretended that this provision was limited to the case of his investments, yielding income to the required amount, for the direction is positive and unconditional that such a sum should be reserved for her.

If the property, as invested, was unproductive of income, it would be the duty of the trustees, by the purchase of a life annuity, or in some other way, to secure the payment of the yearly allowance mentioned.

If we were to hold that the widow was to have nothing unless the property or securities in which the estate happened to be invested yielded income, and that she was not to be paid the full seven thousand dollars per annum, directed to be paid to her, unless the investments should happen to yield that sum, we should, in my opinion, sacrifice the substance and primary intention of the will for the sake of an incidental provision, inserted for the convenience of the estate, and not intended to limit or control, or to render uncertain or conditional, the provision in her favor; and I think, moreover, that the case is within the spirit of the authorities which have been referred to by the counsel for the appellant. To these may be added, for the purpose of presenting an early and a recent case, *The Attorney General* agt. *Parkins*, (*Ambler*, 566,) and *Colvelle* agt. *Middleton*, (3 *Kernan*, 570;) and also for a recognition of the doctrine in this court, *Teft* agt. *Porter*, (4 *Seld.*, 516,) *Giddings* agt. *Seward*, (16 *N. Y. R.*, 365,) *De Nolblach* agt. *Oster*, (3 *Kernan*, 104–5.)

I see no reason for interfering with or attempting to regulate the discretion of the trustees upon the subject of the sale of the unproductive or the unsafe property. The right of the widow to the annuity does not, in my opinion, depend upon such sales. The trustees should be guided by the circumstances of the property and the necessities of the estate. There are not sufficient facts before us to show whether at present a sale would or would not be judicious.

I am of opinion that the judgment of the supreme court should be reversed, and of entering a judgment in conformity with the foregoing views, to be settled before one of the judges.