NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—December, 1883.

WOLFE v. WOLFE.

*In the matter of the estate of* JOEL WOLFE, *deceased.*

A decedent who provides in his will, for the payment of "testamentary charges" must be deemed, in the absence of evidence to the contrary, to have had in contemplation the possibility, at least, of an earnest

and persistent effort to defeat his purposes, involving long and expensive litigation before they are finally made effective.

Testator, by his will, directed the payment of debts and of funeral and *testamentary charges and expenses*, set apart $5,000 for ornamenting a burial plot, gave certain specific legacies, and then devised and bequeathed the residue to his executors in trust "to collect and receive the rents, issues," etc., and, after paying thereout all proper and necessary *costs, charges and expenses*, to pay $8,000 of the balance to the widow annually, during her life or widowhood, and the remainder of the balance to nieces, with a bequest over, of the principal.

The executors having expended certain moneys in payment for legal services rendered by their counsel in a proceeding for revocation of the probate of their testator's will, it was, upon their accounting,—*Held*,

1. That the will, in providing for the payment of "testamentary charges and expenses," gave positive instructions to charge such expenditures wholly to the principal of the estate.

2. That the provision, in the residuary clause, for the payment of "costs, charges and expenses" out of income, referred only to such as might be appropriately incurred in the administration of the particular trust fund by that clause established.

3. That an additional reason for this construction arose from the fact that the disposition in the widow's favor was an annuity, and therefore such a bequest as the law would generally require to be discharged without deductions, unless the will directed otherwise.

UPON the judicial settlement of the account of Samuel D. Babcock and Joel B. Wolfe, surviving executors of the will of decedent, a contest arose as to whether certain expenses should be charged to principal or income. The will devised and bequeathed the residue to the executors, in trust to collect the rents, income, etc., and pay, out of the amount thereof, $8,000 to his widow, during her life or widowhood, and the balance thereof to unmarried nieces, for the same period with remainder over. Further facts appear in the opinion.

WILLIAM JAY, *for executors.*

ISRAEL S. SPENCER, *for widow.*

WM. G. STERLING, *for Sarah C. Wolfe and another, legatees in remainder.*

THE SURROGATE.—The executors, whose accounts are before me for settlement, have expended certain moneys in payment for legal services, rendered by their counsel in a proceeding for the revocation of the probate of their testator's will. I am asked to determine whether or not, under all the circumstances here disclosed, these expenses should be wholly charged to the principal of the estate. It is a well established rule that where, because of the ambiguous language of a will, a controversy has arisen as to the testamentary purposes of its maker, the attendant costs and expenses are chargeable upon the principal estate or fund to which such controversy relates. I think that, by parity of reasoning, a similar rule should obtain in respect to expenses of such litigation as is here the subject of consideration. It is clear that, if the grounds upon which the probate of Joel Wolfe's will was sought to be revoked had been sustained by the Surrogate, that instrument would have been held utterly invalid in all its provisions. I should hold, therefore, even in the absence of any special direction of the testator, that all expenses, connected either with the original probate or with the proceeding for revocation, should be discharged out of the *corpus* of the estate. But I find in the will itself what seems to me to be positive instructions for the adoption of this very course. By its first clause, the testator directs his executors to pay all his "just debts and funeral and testamentary charges and expenses." I think that the items here under consideration are within the meaning of the expression just

quoted. It is needless to speculate whether the testator, when he made and executed his will, was apprehensive that an attack might be made upon it, or whether, if he expected such an attack, he had in mind the precise form it would assume, or the source from which it would come, or the amount of expense it would occasion. Nowadays, when one provides by will for the payment of " testamentary charges," it must, I think, be taken for granted, in the absence of evidence to the contrary, that he has in contemplation the possibility, at least, that there will be an earnest and persistent effort to defeat his purposes, and that only after long and tedious and expensive litigation will they be finally made effective.

Counsel for the executors find, in the fifth clause of the will, what they deem an indication that the testator wished such disbursements as are here under review to be deducted from income.

By the clauses which precede the fifth, the testator first directs the payment of debts and of funeral and testamentary charges, then sets apart $5,000 for putting a burial plot in order, and then gives certain legacies of furniture, plate, etc. By the fifth clause itself, he devises and bequeaths "*the rest, residue and remainder*" of his estate to his executors in trust, "to collect and receive the rents, issues, profits and income thereof, and, after paying thereout all proper and necessary costs, charges and expenses, to pay," etc.

I should not regard this provision as an instruction to charge the income with the legal expenses of the probate controversy, even in the absence of the express direction in the first clause. For, by the expression

"proper and necessary costs, charges and expenses," the testator meant, I take it, such costs, charges and expenses, and such only, as might appropriately be incurred in the administration of the particular trust fund for which the fifth clause provides.

The fact that the provision for the widow is an annuity, and is, therefore, such a bequest as the law would generally require to be discharged without deductions, unless the will directed otherwise, is an additional reason why such provision should not be made to contribute toward the payment of the charges in question (Whitson v. Whitson, *53 N. Y., 481*). And this leads me to say that the will, as a whole, evinces the purpose of the testator to secure to his widow, in any event, the full amount of the legacy in her favor.

In case the income, therefore, should hereafter be found inadequate to discharge her annuity, I think that she is entitled to resort to the *corpus* of the estate to supply the deficiency (Dixon v. Manning, *1 Dem.*, *581;* Pierrepont v. Edwards, *25 N. Y., 128*).