(22 Misc. Rep. 568.)

DUNHAM v. DE RAISMES et al.

(Supreme Court, Special Term, New York County. February, 1898.)

WILLS—ANNUITIES—CHARGE ON REAL ESTATE.

    Plaintiff's annuity is a charge on real estate as well as personalty left by testator, where he gave an annuity to his wife, and charged the rents of his improved city real estate therewith; devised to her for life his farm, with remainder to his children and grandchildren; gave plaintiff, his son-in-law, an annuity for life, to be paid by his executors during that period; gave the residue of his real estate to his children and grandchildren, with provision that it be divided among them when one of them was 21 years old; directed that the executors take charge of the residuary real estate, and from the rents and profits pay taxes, plaintiff's annuity, and necessary expenses, credit to each of the children and grandchildren yearly an equal share

of the balance, and apply any part thereof not required for them to making improvements on his real estate; gave all the rest of his personalty to his children and grandchildren, to be equally divided; and provided for investment till the time for division, with its accompanying adjustment and accounting, of the surplus income of the rents and profits of his entire estate, in mortgage securities.

Action by Robert E. Dunham against John A. De Raismes and others. Judgment for plaintiff.

Saunders, Webb & Worcester, for plaintiff.
Parsons, Shepard & Ogden, for defendants.

RUSSELL, J. The payment of an annuity of $300 a year to the plaintiff from the estate left by the deceased, John F. J. De Raismes, is resisted by the defendants, as affirmatively averred in the answer, on the grounds that the property of which the testator died seised consisted of real estate devised, subject to the payment of the annuity to his wife, to his children and grandchildren, when his son Francis John Joseph De Raismes should arrive at the age of 21 years, or at his decease prior thereto, and to be then divided, and that the annuity to plaintiff was not made a charge upon the real estate subsequent to the time the said Francis John Joseph arrived at the age of 21 years. The testator left a large fortune, and the will bears the easy tone of confidence that after the payment of the debts all the specific legacies and devises would pass to the beneficiaries according to the terms of the will; and there is no evidence that this confidence was not justified, or that at the death of the testator there was not sufficient personalty and realty, with a capacity in the latter to earn sufficient rents and profits, to accomplish the testamentary wishes of the testator, as these different classes of property were blended in his testamentary disposition. In effectuating the purposes of the testator, and seeking to find his primary and paramount intention, the element of an insufficient personalty to pay his debts is eliminated from the case, so that it becomes one purely of consideration as to the effectiveness of his legacies and devises. The will evinces certain specific purposes, and certain general ones, in those bequests and devises. After bequeathing to his wife the household furniture and appurtenances, it gives an annuity to her of $4,800 during her natural life, to be paid in quarter-yearly payments, and charges the rents and profits of his improved real estate in the city of New York, during her life, for the payment of the annuity. He devises to her for life his farm and appurtenances, for a home for herself and his infant children, and the remainder to his children and grandchildren. He bequeaths to his son-in-law, the plaintiff, Robert E. Dunham, an annuity of $300 during his natural life, to be paid by his executors in quarter-yearly payments during that period. All the rest of his real estate, not thereinbefore devised, he gives to his children and grandchildren, and provides that when his son Francis John Joseph arrives at the age of 21 years, or at his prior decease, such residuary real estate shall be divided between the children and the grandchildren. He directs the executor to take charge of all his real estate so resid-

uarily devised, and receive the rents and profits, pay taxes, the annuity given to the plaintiff, and necessary expenses, crediting to each of his children and grandchildren yearly an equal share of the balance, but directing that such portion as should not be required for their support should be applied by the executors to making improvements, by building or otherwise, upon his real estate in the cities of New York and Brooklyn, to the best advantage. Upon a division of the real estate, the accounts with the children and grandchildren should be adjusted and equalized, and each charged an equal share of the moneys applied for improvements. All the rest of his personalty is given to his children and grandchildren, to be equally divided. He directs that a capital business advancement of $20,000 to two of his sons be charged to them in the distribution, and that John Adolphe, the surviving son of the two so advanced, until the adjustment and accounting before referred to, pay interest on $10,-000 of such capital sum, at 6 per cent., for the use of the two grandchildren, the children of the deceased son, and that, at the time of the adjustment and accounting, John Adolphe account for $10,000 of such capital sum, for the use of said two grandchildren. He provides for the surplus income of the rents and profits of his entire estate by direction for their investment on bond and mortgage until the adjustment and accounting. The plaintiff, Robert E. Dunham, was named as one of the executors, but was removed, for some cause not apparent, prior to the time reached for the division referred to in the will.

The case seems to be one which does not even present a question of inadequacy of any of the funds devoted to that purpose for the payment of the legacies, but rather a case where it is assumed that the personalty was distributed before the period of final division, and, nothing being left but real estate, whether that shall be followed into the hands of the devisees, to enforce the further payment of the annuity which ceased to be paid on the 17th day of September, 1882, when the son Francis John Joseph De Raismes became of age. It is not apparent, however, that such a distribution was effectively made, and the evidence is meager upon the subject. Trying to effectuate the intentions of the testator so that his purpose may not fail of achievement, where means are adequate, the general rule does not compel the strict adherence to the words contained in the testament, but the whole will may be construed to ascertain whether the testator limited the legacy, or intended it to go to the legatee at all events. Pierrepont v. Edwards, 25 N. Y. 128; Delaney v. Van Aulen, 84 N. Y. 16. The testator gives to the plaintiff an annuity of $300 per year, to be paid during his natural life. That purpose will be defeated if the life payment is shortened, by force of the testator's ineffective language, to a shorter term. If distribution of the personalty was made before the annuity payments ceased, it was so done without provision for the capitalization of a sum sufficient to provide for the annuity; and a sufficient amount, viz. the sum of $10,000, was, by the design of the will, left to the period of division of the real estate. The annuities both to the wife

and the plaintiff were to be currently paid out of the rents and profits, but no intimation is contained in the will that those payments were to cease upon the division of the property among the children and grandchildren; and a contrary intent is evident from the careful direction to vest surplus income in improvements on the real estate to the extent desirable, and the surplus over that expenditure to accumulate in bonds and mortgages. The naming of the plaintiff as one of the executors, too, to the mind of the testator, gave him the practical power to see that sufficient provision was made for the payment of annuities during the term of their lives; and the subsequent removal of the plaintiff as executor, before the period of division, was an event not foreseen by the testator in making the will. The personalty, the rents and profits, and the realty are so blended in this will, construed as a whole, that it is apparent that the testator did not intend residuary legatees and devisees to receive the shares going to them, except as distributions remaining after the specific purposes of the will were accomplished. It is conceded that the wife's annuity should be paid, even after the division, as a charge upon the realty; and though the language of the will is more specific in regard to her than to the son-in-law, as her legacy was of far greater importance, yet the purpose of the continuance of both annuities during the life of the beneficiaries seems to be the same as to each. I look in vain through the will to find any purpose of the termination of the legacy before the death of the plaintiff. I find in the whole theory of the will, as exhibited in the clause bequeathing and devising the rest of his property, and in the evident assumption of plenty of means for the purpose of paying his annuities, sufficient grounds to believe that the testator's plainly-declared gift of an annuity for life was not intentionally shortened by him in the other clauses of the will. It may be that the surplus rents and profits, including that which went into the real estate for improvements, were sufficient to provide a fund to pay the annuity to the plaintiff; and, if not, that the personalty was more than sufficient. It needs a further inquiry in this action, by reference or otherwise, to determine whether it shall be necessary to resort to the real estate now in the hands of the general devisees. Judgment is, however, awarded that the plaintiff's annuity from the 17th of September, 1882, with interest from the periods when the payments respectively became due, be a charge upon the personal and real estate left by the testator, and existing on said 17th of September, 1882, and that a reference be awarded to ascertain out of what fund, and from what defendants, the same shall be paid, in order to carry the interlocutory judgment into effect. Ordered accordingly.