WILLS—PREFERENCE OF LEGATEES—PROPORTIONATE ABATEMENT OF LEGACIES.
    Testatrix bequeathed $2,000 each to five families of grandchildren, the first bequest being to the children of testatrix's eldest child, the second to those of the next eldest, and so on. The children of the testatrix's youngest child were the only ones referred to as her "beloved" grandchildren. There were detailed residuary bequests indicating that testatrix expected all her grandchildren to receive their legacies. *Held* that, on failure of the estate to meet the five legacies, they must all abate proportionately, as there was no clear indication of preference.

Proceedings upon the judicial settlement of the accounts of Simon Bialostosky, executor of Sophia Williams, deceased. Decree modifying the report of a referee.

Herman Fox, for executor.
Abram Kling, for contestants.

VARNUM, S. This is one of the undecided matters that was heard by Surrogate ARNOLD. The main question arises on exceptions to the findings of the referee which construe certain provisions of the will of the decedent. Testatrix, after making certain specific bequests, gives her estate to the executors named, in trust to pay the income thereof to her husband for life. Upon the death of her husband, the executors are directed to sell all of the realty and personalty, and with the proceeds thereof to pay the "following respective bequests in the order named in this my will." Then followed five bequests of $2,000 each to five separate sets of grandchildren. The grandchildren referred to in the first bequest are the offspring of decedent's oldest child; the ones named in the second bequest are the children of the next oldest child; and in this manner the legacies continue until the fifth, which is given to the issue of the youngest child of decedent. These last-named legatees are the only ones that are referred to as "beloved grandchildren." After making several further bequests, the testatrix makes a residuary clause, naming her daughters as her residuary legatees. It appears that the proceeds realized from the sale of decedent's estate are entirely inadequate to fully pay the five legacies above recited, and the question at once arises as to whether the words I have quoted preclude the application of the doctrine of abatement as between these bequests. The learned referee holds that the direction given by the decedent effects a preference among the legacies, and that they must be paid in full in the order named until the available funds are exhausted. Upon mature consideration of this matter, I am forced to dissent from this conclusion. Among a group of general legacies which are mere bounties priority will not be given to any of them unless the testator's intention to create a preference is most clearly and unequivocally expressed, and the burden is strongly upon him who would brush away the maxim that equality is equity, and ask that one legatee should be fully satisfied to the loss and detriment of others equally as much and as deservedly entitled. Undoubtedly, in the event of a deficiency of assets, the court should, if possible, cause the loss to be borne equally among the beneficiaries. 2 Williams, Ex'rs (7th Am. Ed.) p. 674; Rop. Leg. 415 et seq.; Trustees v. Quinn, 3 Redf. Sur. 514. It must be assumed that the testatrix believed that her estate would be ample to discharge all of the legacies in her will. The fact that she makes a disposition of her residuary estate with much detail shows this to be the case, whereas there is not a word from which it can be inferred that a deficiency was anticipated. Furthermore, there is nothing in the will, nor does any extrinsic circumstance exist, which would indicate that a preference was intended to be given. On the contrary, all of the grandchildren seem to have occupied an equal place in the affections of decedent. Indeed, the ones last named, who, under the construction placed on the will, would in all probability receiving nothing, are characterized by an endearing term. In the case of Wetmore v. St. Luke's Hospital, 56 Hun, 313, 9 N. Y.

Supp. 753, on which the referee relies mostly, the will was likewise construed upon the assumption that the testatrix believed that her estate would satisfy the bequests made, and it was held that the legacy as to which priority was sought should abate with the other legacies. Can it be said that the expression under discussion is so mandatory in its character, so hopelessly imperative, that we must set at naught the clear intention of the testatrix, and, by construing these words literally, bring about a result which she had undoubtedly never intended? In this connection the case of Shepherd v. Guernsey, 9 Paige, 357, is significant. The court, in discussing the right of priority of one general legacy over another, says, "The executor is not at liberty to pay the first legatee named in the will in full, although the payment of that legacy was first directed." I am of the opinion that the same rule must be here applied. Whether it be said that the words in question merely indicate a priority as to the time of payment, or that they may be regarded as surplusage, properly to be rejected (Phillips v. Davies, 92 N. Y. 199), the fact remains that, standing alone in the will, utterly incongruous with the manifest intention of the testatrix, they are not masterful enough to overcome the strong presumption which the law makes in favor of abatement. The exceptions to that part of the report which finds that a preference exists among the five legacies in question are sustained. As no contingency under the thirteenth clause of the will appears to have arisen, it is not necessary to discuss the abstract question of its validity. In all other respects the report will be confirmed.

Decreed accordingly.