SKINNER *v.* TAFT.

1. WILLS—CONSTRUCTION—ANNUITIES—PAYMENT FROM CORPUS OF ESTATE.

Where a will provided that the testamentary trustees should pay from the income and profits of all the estate certain annual sums to testator's widow and children for five years, the corpus of the estate to be equally divided at the expiration of that period, and provided that the provisions in favor of the widow were in lieu of dower, homestead, and support, the annuities could not be paid from the corpus of the estate.

2. TRUSTS—INCOME—PLEDGED SECURITIES.

Dividends on stocks and bonds pledged as collateral security to creditor of testator in his lifetime applied on the obligations given to secure such indebtedness, could not be regarded as income of his estate, from which annuities could be paid by his testamentary trustees.

3. SAME—PAYMENTS—DIVERTED INCOME.

Where a will provided for the payment of an annuity to testator's widow until the termination of the trust period, when she was to receive a portion of the corpus of the estate, it

being provided that the provisions for her were in lieu of dower, homestead, and support, and she was paid a monthly allowance during the administration of the estate, she could not thereafter assert that the sums so paid her were diverted from the purpose intended.

Appeal from Calhoun; Hopkins, J. Submitted April 6, 1905. (Docket No. 30.) Decided May 22, 1905.

Bill by Brainard T. Skinner and Steven S. Hulbert, administrators, with the will annexed, of the estate of Richmond Kingman, deceased, against Emily K. Taft, Caroline B. and Howard R. Kingman and another to construe said will. From the decree rendered, defendants Caroline B. and Howard R. Kingman appeal. Affirmed.

*Mechem & Bailey*, for appellants.

*Williams & Beck*, for defendant Taft.

MONTGOMERY, J. This is a bill filed to obtain a construction of the last will and testament of Richmond Kingman.

To an understanding of the question raised, it is necessary to set out the main portions of the will at length. The provisions necessary to be quoted are as follows:

## "FIRST.

" After the payment of my just debts and funeral expenses, I give, devise and bequeath unto Roldon P. Kingman, Howard R. Kingman, and Fred M. Wadleigh, all of Calhoun County, Michigan, and Mitchell N. Packard, of the City, County and State of New York (the executors of this my Will hereinafter named) and to the survivors and survivor of them, or to such of them as may from time to time qualify as such executors, and to their successors and assigns, all of my Estate and property, real, personal and mixed, of whatsoever kind and description and wheresoever situate. In trust, nevertheless, for the uses and purposes following and herein stated and no other, that is to say: That my said executors take possession of all my said Estate and property as aforesaid,

and to hold the same and to collect the rents and profits thereof, arising from my said Estate and property during all the time they hold the same; and to sell and dispose of my said Estate and property, or of so much and such parts thereof as they may deem for the best interests of my Estate, and to invest my said Estate and any of the income thereof, in such manner as they shall deem judicious, and in such securities as they may see fit, and to reinvest the same so often as may be necessary, and that such securities may be other than those prescribed by statute or law for the investment of trust estates, any statute or law to the contrary notwithstanding.

"And I do hereby give to my said executors, or to such of them as may from time to time qualify as such executor, and to their successors and assigns, full power and authority to grant, alien, bargain, sell, convey, mortgage, lease and assure all or any of my said Estate, real, personal, and mixed to any person or persons and their heirs and assign forever, by all and every such lawful ways and means in law as to them and their counsel learned in the law shall seem fit or necessary. And in case of sale of any part of my said Estate, whether real or personal, I direct that it may be either at public or private sale, as to my said executors may seem best and most judicious, and in carrying out the provisions of this, my Will, I hereby authorize and empower my said executors to make, execute and deliver all necessary deeds, mortgages, leases, releases and other papers (provided that nothing herein contained shall authorize my said executors to lease any of my real estate beyond the time herein fixed for the termination of this trust). Out of the interests, income and profits which shall accrue from my estate so held in trust as aforesaid, I will and direct the following sums to be paid to my wife and children in semi-annual payments, during the continuance of the trust herein, and I give, devise and bequeath to my said wife and children out of said interests, incomes and profits as follows, to wit:

"To my wife, Caroline B. Kingman, the sum of Five Thousand Dollars per year; to my daughter, Emily K. Taft, the sum of Sixteen Hundred and Sixty-six Dollars and Sixty-six Cents per year; to my son Howard R. Kingman, the sum of Sixteen Hundred and Sixty-six Dollars and Sixty-six Cents per year, and to my son Richmond T. Kingman, the sum of Sixteen Hundred and Sixty-six Dollars and Sixty-six Cents per year.

"' Should my wife or any of my said children die during the continuance of this trust, her or his portion or share of said interests, incomes and profits shall be paid to her or his heirs and assigns.

" The trust herein and hereby created in this clause of my Will shall terminate five years from the date of the probating of my Will in the County of which I may die a resident, and my object in creating the aforesaid trust is in order that my estate may be kept together in the manner herein provided until my various business interests can be closed up advantageously to my said Estate, and administered upon by my executors and trustees for the best interest of my wife and children, and judging that that length of time will be necessary so to do.

## "SECOND.

" Upon the termination of the trust created in the preceding clause of this my Will, I hereby direct my executors and their successors, and their successors, and the survivor and survivors of them, or such of them as may from time to time qualify, and to their successors, to divide my said Estate and property into four equal portions.

" And I hereby give, bequeath and devise the first part or portion thereof to my said wife, Caroline B. Kingman, and her heirs and assigns forever; and the second part or portion thereof to my daughter, Emily K. Taft, and to her heirs and assigns forever; and the third part or portion thereof to my son, Howard R. Kingman, and to his heirs and assigns forever; and the fourth or remaining part or portion thereof to my son, Richmond T. Kingman, and to his heirs and assigns forever.

## "THIRD.

" The legacies and bequests hereinbefore made to my said wife, Caroline B. Kingman, are made to her, and are to be by her received in lieu of all rights of dower, homestead and support."

It transpires that the income was not sufficient to pay these legacies provided in the first clause of the will, and the question presented is whether they shall be paid out of the corpus of the estate.

The rule of universal and constant application—the cardinal rule in construing wills—is that the intent of the tes-

tator, when gathered from the four corners of the instrument, must be given effect. The rule should not, however, as we fully recognize, be applied in ignorance of, nor in disregard of, precedents which may throw light upon the subject. The learned counsel representing the two parties in interest have very materially aided the court by collecting the cases which bear upon the construction of wills having clauses in some respects analagous to those here under consideration, and which treat of the rules by which the courts are guided in determining whether a legacy is general, special, or demonstrative. No review of all the cases which would be of any value could be confined within any reasonable or proper limits for an opinion. It will, perhaps, suffice if the contention be stated, and the cases claimed by either's counsel to be most directly in support of his contention be considered.

Counsel for Mrs. Kingman say the bequest in question is not a legacy of all the incomes of the estate, or of a certain portion of the estate, or a legacy of all the income from certain sources or certain classes of property, but it is a legacy of definite amounts of money to be paid at definite times to the legatee, and it is contended that the provision that this legacy shall be paid " out of the interests, income and profits which shall accrue " are words of demonstration rather than words of limitation. The case most nearly in point in support of this contention is *Pierrepont* v. *Edwards*, 25 N. Y. 128. That case is not widely dissimilar from the present. The clause which gave the legacy reads, that the executors shall pay out of the income of the estate so invested, $8,000 per annum to testator's wife. The facts were that the income was insufficient, and that the testator had died in the belief that it was sufficient. In these respects the case was much like the present. In addition, it appeared in that case that no other provision was made for the legatee, who was the widow. It was held that this was a demonstrative legacy, two justices dissenting. This decision was written by Mr. Justice Denio, and is, because of the great learning of its

author, entitled to great weight. The principle which Justice Denio determined the case upon was stated by him as follows:

"When the testator bequeathes a sum of money, or, which is the same thing, a life annuity, in such a manner as to show a separate and independent intention that the money shall be paid to the legatee at all events, that intention will not be permitted to be overruled merely by a direction in the will that the money is to be raised in a particular way or out of a particular fund."

This rule cannot be questioned, the only doubtful question being whether there was that in *Pierrepont* v. *Edwards* which warranted the court in finding the independent intention that the money should be paid at all events. The majority of the court did so find, but it is to be noted that much stress was laid upon the fact that the annuity was the only provision made for the widow—a fact which distinguishes that case from the one under consideration.

On Mrs. Taft's behalf, the case of *Einbecker* v. *Einbecker*, 162 Ill. 267, is cited. This case appears to be well considered, and was evidently determined after a careful examination of the cases bearing upon the point under consideration. The will construed in that case vested the estate in trustees:

"(*a*) In trust, to manage my estate, collect the rents, and other incomes arising therefrom, make leases of my real estate for such term as they may deem best, and to invest and re-invest all moneys coming to their hands as such trustees, in good interest-bearing securities.

"(*b*) In trust, further, to pay to my wife, Anna Einbecker, out of the moneys *so arising* from my estate, the sum of One Hundred Dollars per month, during her natural life."

The will further provided that, when the estate should be divided, the trustees should retain in their possession a sufficient capital to insure from the income the prompt payment of the monthly allowance to the wife, and further provided for a division and partition of the estate when the youngest child should reach the age of 18 years,

and for a division of the reserved portion at the death of the wife. The income of the estate proved to be insufficient to meet the monthly payments provided in claim "b," and the question presented was whether these payments should be made from the corpus of the estate. It was held that in these circumstances the legacy to the wife abated pro tanto. It will be readily seen that the case is strongly in point, as the will there construed is, in most of its essential features, similar to the one here considered. In reaching the conclusion arrived at, the court, citing from Theobald on the Law of Wills, 637, the rule, "If there is anything to show that the corpus is looked upon as entire after the annuitant's death, * * * it is not liable to make good arrears," laid stress upon the fact that the provision for a division of the estate did not refer to the estate to be distributed as a "residue" or "subject to" the payment of the annuity, or provide for the distribution "after payment over of the annuity." It will be noted there is no such provision in the will we are considering. See, also, as bearing on this question, *Baker* v. *Baker*, 6 H. L. Cas. 616.

In the present case, the language of the first clause of the will plainly imports that the annuities are to be paid out of the income, and that alone; and we are not able to find, in other provisions of the will, any expression which overcomes the implication arising from this language.

We do not overlook the contention that, as the provisions made for Mrs. Kingman by the will are in lieu of dower, the will should be so construed as to make all the provisions effectual. If the annuity were the only provision made for Mrs. Kingman, this contention would have greater weight; but, as Mrs. Kingman is also to share in the corpus of the estate in any event, we do not regard this consideration as controlling.

It is also contended that the income was sufficient to pay the annuities in part, and that, if such income has been diverted, Mrs. Kingman is now entitled to have a corresponding sum taken from the body of the estate and dis-

tributed as provided in the first clause of the will. The answer admits that as to a large portion of the estate, consisting of stocks and bonds, the same were pledged as collateral security to creditors of Mr. Kingman in his lifetime, and that the dividends were applied upon the obligations given to secure such indebtedness, presumably in large part for interest. We do not think that as to such items it can be said that they were income of the estate. These amounts never came, nor could they, into the hands of the executors.

There has also been paid to Mrs. Kingman a monthly allowance of $100 during the administration, presumably out of the income. In view of the fact that the third clause of the will provides that the bequests to Mrs. Kingman are made in lieu of dower, homestead, and *support,* she is not now in position to assert that the sums so paid her were diverted from the purpose intended. The question is not the same as that presented in *Houghteling* v. *Stockbridge,* 136 Mich. 544. In that case, we were not dealing with a will which made provision in lieu of support, nor was the widow in a position where her complaint consisted of a complaint of a diversion of a fund, which was, in fact, diverted to her own use. We are not able to determine from this record that there came into the hands of the executors an income subject to division under the terms of the will.

A decree will be entered advising the executors that the annuities cannot be paid from the corpus of the estate. The costs of this proceeding may be paid out of the estate.

CARPENTER, McALVAY, GRANT, and HOOKER, JJ., concurred.