## FRIERSON v. JENKINS.

DOWER—ISSUES.—Demandant of dower has no right to demand general verdict in suit for dower, rents and profits, but if she desired verdict of jury on issue of coverture she should have moved that that issue be submitted to jury.

Before GARY, J., Lee, March, 1906.   Affirmed.

Action by Eliza Frierson against Mary Jenkins, *alias* Mary Frierson, Katie Jenkins, *alias* Katie Frierson, and Nathan Barnett. From order refusing jury trial, plaintiff appeals.

*Mr. A. B. Stuckey,* for appellant, cites: Con. U. S., art. VII.; Con. 1895, art. I., sec. 7; 7 Ency. P. & P., 166; 28 S.

C., 580; 17 S. C., 563; Story's Eq., sec. 630; Code, sec. 274; 36 S. C., 559; 1 Mill., 130; 2 Mill., 59; 1 N. & McC., 16; 10 S. C., 82; 17 S. C., 323.

*Messrs. McLaughlin & Herndon,* contra (oral argument).

December 1, 1906.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE.   On the 18th day of January, 1905, the plaintiff, in effect, complained of the defendants as follows:

That in 1904, Richard Frierson departed this life, being survived by his widow.   That the said Richard Frierson was possessed, at his death, of three tracts of land; one containing ONE HUNDRED acres; another EIGHTY-TWO acres; the third TWENTY-FIVE acres.   That the defendants, Mary Jenkins, *alias* Mary Frierson, and Katie Jenkins, *alias* Katie Frierson, are in possession of said three tracts of land, claiming to be the owners thereof.   That the defendant, Nathan Barnett, claims some interest in said lands.   That the rents, income and profits of the three tracts of land are in possession of the two defendants, Mary Jenkins, *alias* Mary Frierson, and Katie Jenkins, *alias* Katie Frierson, amounting to $200, since the death of the said Richard Frierson, and that the plaintiff is entitled to her one-third part thereof as her dower and also one-third part of said rents and profits as a part of her dower, wherefore she demanded that her said dower should be admeasured to her, including her one-third share of said rents and profits.

That the two defendants answering as Mary Frierson and Katie Frierson, the latter appearing by her guardian *ad litem,* denied specifically all the allegations of the complaint except that they admit the death of Richard Frierson at the time stated in the complaint, but denied the coverture of the plaintiff and Richard Frierson.   They also admitted that the said Richard Frierson was seized at his death, of the

three tracts of land as aforesaid, but denied the claim of dower of the complaint therein. The two defendants also admitted that they were in possession of and claimed the ownership of the lands described in the complaint. And also that the co-defendant, Nathan Barnett, as executor of the last will of Richard Frierson, deceased, held a valid mortgage on the said lands—the three tracts aforesaid. All three of said defendants demanded that the complaint should be dismissed with costs.

Upon these pleadings the case was placed on Calendar No. 1 of the March Term, 1906, of Court of Common Pleas for Lee County, and came on for trial before his Honor, Judge Ernest Gary, and a jury. After the reading of the pleadings, his Honor held that the case was not on its proper calendar, and withdrew the case from the jury.

The following is the order passed by his Honor, Judge Gary:

"This case being upon Calendar 1, and a jury having been empanelled to try the same, upon the reading of the pleadings herein I conclude that the case was not on the proper calendar, that there was nothing under the law for the jury to try, and of my own motion withdrew the case from the jury. In other words, the admeasurement of dower is regulated by statute and there is no provision for the jury to admeasure the same."

From this order the plaintiff appealed on the following grounds:

"I. Because, under the pleadings in this cause, the case was properly docketed on Calendar No. 1, and triable by jury, and the presiding Judge, it is respectfully submitted, erred in holding that the case was not upon the proper calendar.

"II. Because the action being one for the recovery of freehold estate was properly triable by jury, and his Honor erred in not holding so.

"III. Because an action for dower is an action at common

law, and the trial of such action by a jury is guaranteed under article VII. of the Constitution of the United States.

"IV. Because, under the Constitution and laws of this State, the issues raised by the pleadings in this case should be tried by jury, except where the parties consent to a trial otherwise, and his Honor erred in not so holding.

"V. Because the answers having denied the coverture of the plaintiff with Richarl Frierson, deceased, in whose estate the plaintiff claims the dower, an issue of fact and of title was thereby raised, and the mode of trial of the same should be by jury, whose finding might be simply, 'We find for the demandment,' or 'We find for the defendant,' and his Honor erred in not so holding."

The practical question presented by the exceptions is whether his Honor, the presiding Judge, erred in withdrawing the case from the jury, in the absence of an order that the specific question of fact raised by the pleadings, should be tried by the jury.

Section 2399 of the Code of Laws is as follows: "Any woman who is entitled to dower or thirds in the lands of which her deceased husband was seized in fee, at any time during their marriage, may apply to the judge of probate of the county in which their said lands are situatel, for a writ of admeasurement thereof, to be, directed to certain persons, who shall be appointed for that purpose."

Section 2400 provides that the summons be issued and directed to the heir at law of the deceased or the party in possession, to show cause why the prayer of the petition should not be granted.

Section 2401 provides for the ordering of a writ for the admeasurement of dower in case sufficient cause is not shown against the petition, and directs the manner in which commissioners shall be appointed to execute the writ.

Section 2407 is as follows: "The appointment of commissioners and the issuing of the writ and other proceedings. in relation to the allotment and admeasurement of dower in the Circuit Courts, shall be made to conform as nearly as

may be to the law regulating the allotment of dower in the probate court, 'as prescribed in this article."

Prior to the Constitution of 1868, which provides that there should be only one Circuit Court having civil jurisdiction, a claimant in dower had the right to institute proceedings for the admeasurement thereof, either in the Court of Equity or Common Pleas. When the petition was filed in the Court of Equity, even that Court usually employed the instrumentality of commissioners provided by the statute to ascertain the value of the dower, but the commissioners were not authorized by the statute to assess a sum of money in lieu of dower until they had determined that the land could not be fairly divided without manifest disadvantage. *Gibson* v. *Marshall,* 5 Rich. Eq., 254. If under the former practice the proceedings were instituted in the Court of Common Pleas, and an issue of fact was raised by the pleadings, the practice was to frame an issue as to such fact and submit it to a jury. *Righton* v. *Righton,* 1 Mills, 130. The jury, however, could not render a general verdict.

In the case of *Peay* ads. *Pickett,* 1 N. & McC., 16, there was an application for dower; the declaration alleged the marriage and seizin of the husband; the jury rendered a verdict in favor of the plaintiff for $200. Upon a motion to set aside the verdict, the Court said: "The jury had no power to find such a verdict. The issue submitted to them was whether *demandant was married* and whether her husband was *legally seized.* The verdict is, therefore, irregular, and must be set aside. If the jury had found the issue for the plaintiff, a writ of dower would then have been issued to commissioners, according to the provisions of the act of Assembly, whose duty it would have been to have admeasured dower, or assess a sum of money in lieu thereof."

These authorities show that the plaintiff, under the former practice, would not have had the right to submit the entire case but only specific issues to the jury.

Let us see what changes have been made since the adoption of the Code of Procedure.

Section 274 provides that an issue of fact in an action for the recovery of money only, or of specific real or personal property, must be tried by a jury, unless a jury trial be waived.

Section 275 is as follows: "Every other issue is triable by the Court, which, however, may order the whole issue or any specific question of fact involved therein to be tried by a jury, or may refer it as provided in sections 292 and 293."

The action of the plaintiff herein was not instituted to recover possession of specific real or personal property, nor was it for the recovery of money only. The case, therefore, does not come within the provisions of section 274, but of section 275.

When the issue was raised by the pleadings as to the coverture of the plaintiff and her alleged husband, a request should have been made for the Court to frame an issue as to such fact, if the plaintiff desired that it should be determined by a jury. It would then have been the duty of the Judge to grant the request, to try the issue himself, or direct a reference; and if the issue was decided in favor of the plaintiff, then it would have been incumbent on the Circuit Judge to direct a writ to commissioners for the admeasurement of dower.

As the issue was not properly submitted to the jury, there was no error in withdrawing the case from their consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed, without prejudice to the right of the plaintiffs to proceed in the manner provided by law.