In the Matter of the Estate of KATHERINE B. JOHNSTON, Deceased. ANNIE DU BOIS SWAIN, Appellant; FRANK HASBROUCK, Executor, and Others, Respondents.— Decree of the Surrogate's Court of Dutchess county affirmed, with costs to the executor respondent, payable out of any moneys coming to the appellant legatee out of the estate. The rule is that among a group of general legacies priority will not be given to any one of them unless the testator's intention to create a preference is clearly and

unequivocally expressed. In the event of deficiency of assets the loss should be borne equally among the beneficiaries. (*Pierrepont* v. *Edwards*, 25 N. Y. 128; *Matter of Williams*, 27 Misc. Rep. 716; *Trustees of Harvard College* v. *Quinn*, 3 Redf. 514; 2 Williams Executors [7th Am. ed.], 661, 674; Roper Legacies [4th Eng. ed.], 415 *et seq.*) While the testatrix desired prompt payment of the appellant's legacy, it was a pure bounty, and we cannot find any intention that it should be paid at once and in full to the detriment and loss of the other legatees who were blood relatives. The executor testified that there is at present no personal estate owing to depreciation in value of the securities. The real estate, if applicable, is sufficient to pay the legacies in full, but this question is not before the court. The matter might better await the accounting of the executor, which may be had within a short time. Jenks, P. J., Thomas, Mills, Putnam and Kelly, JJ., concurred.