In the Matter of the Estate of GEORGE L. INGRAHAM, Deceased.

Surrogate's Court, New York County, February 7, 1936.

*Alexander & Green* [*Lasater Terrell* of counsel], for the petitioners.

*Milbank, Tweed, Hope & Webb,* for the respondents, Clifton P. Williamson and The Chase National Bank, as successor trustees to Phoenix Ingraham, deceased trustee.

*Conboy, Hewitt, O'Brien & Boardman* [*Charles B. Fernald* of counsel], for Georgina L. Ingraham, objectant.

*John J. McNaboe,* special guardian.

FOLEY, S. (1) The principal question presented for determination in this accounting proceeding is whether or not the bequest under the will to the testator's widow was an annuity or fixed amount payable out of the income of the trust, and out of the principal, when the income became insufficient to pay it. The testator was a former presiding justice of the Appellate Division of this department. Under paragraph third he gave and devised his residuary estate in trust and directed his executors " to receive and invest the same and receive the rents, income and profits thereof and to pay out of the said rents, income and profits the sum of Seven Hundred ($700) Dollars a month to Georgina L. Ingraham, now a resident of Paris, Republic of France, during her lifetime, and to pay out of the said net rents, income and profit to my friend, Margaret Boyle, who has been in my service for many years, the sum of Three Hundred ($300) Dollars a year during her life, which payment I make a charge upon the said real property; and after the death of the said Georgina L. Ingraham to divide the same in equal shares between my son, Phoenix Ingraham, and my daughter, Natalie Dutreil, share and share alike."

I hold that the provisions of this will for the benefit of the widow come within the reasoning and conclusion of the court in the case of *Pierrepont* v. *Edwards* (25 N. Y. 128). In that case there was a direction for the payment to the widow " out of the income of my estate " of $8,000 per annum during widowhood, in case the testator should leave a child or children, and the sum of $7,000 per annum during widowhood, if he should leave no child or children.

The testator left no child. It was held that the gift to the widow was a specific bequest of an annuity of $7,000 a year, and that the principal might be invaded to pay the annuity in the event there was a deficiency of income.

As was stated in that case: " No positive rule of ready application to every case can be laid down, but that each case will depend upon a consideration of all the material provisions of the will to be construed, and of the extrinsic circumstances respecting the testator's family and estate, which may be fairly brought to bear upon the question of intent. The leading principle of the cases is, that when the testator bequeaths a sum of money, or, which is the same thing, a life annuity, in such amount as to show a separate and independent intention that the money shall be paid to the legatee at all events, that intention may not be permitted to be overruled, merely by a direction in the will that the money is to be raised in a particular way, or out of a particular fund."

The language of the foregoing quotation applies with equal force to the facts here. The widow of the testator was a woman well advanced in years and the terms of the will clearly indicate that she was the primary and special object of his bounty. She was to receive the sum of $700 each month during her lifetime, which was to be " in lieu of dower and any or all rights or interests in my said estate." No other provision for her benefit was made in the will. It is apparent that the testator expected that the income of the residuary trust would be sufficiently large to pay to his widow this monthly sum. In recent years, however, the income has not equalled the amount directed to be paid to her. The testator contemplated the payment of the bequest to the widow at all times and without abatement. He made no provision in his will for the disposition of excess income in the event that there should be any excess beyond the stated amounts directed to be paid to her and to Margaret Boyle, the former employee of the testator. The natural inference to be drawn from his failure to so provide is that the testator with his long judicial experience intended the authority of *Pierrepont* v. *Edwards* (*supra*) to apply to the interpretation of his own will, and that, in all events, there was to be paid to his widow the sum of $700 per month, first out of the income of the trust, and if the income was insufficient then out of the principal. It should be noted that the clause containing the annuity to the wife also contained a more specific gift of $300 a year to the former servant, Margaret Boyle. The latter provision was specifically charged upon the testator's real estate. Certainly the testator did not intend to prefer his former servant over his widow. The annual payment to the widow was, therefore, intended to be a charge against his entire residuary estate, both real and personal.

(2) Since the widow was not paid the full amount of $8,400 a year during the years 1933, 1934 and 1935 because of the insufficiency of income, the entire amount of the deficit must be made good to the widow out of the principal of the trust.

Submit decree on notice construing the will and settling the account accordingly.