In the Matter of the Estate of DAVID D. ROUNDS, Deceased. GILBERT W. KLINCK, as Sole Surviving Executor and Trustee, etc., of DAVID D. ROUNDS, Deceased, FRIEDA ROUNDS PEUCHEN, KATHRYN CARY ROUNDS and ANNA JEAN ROUNDS NORDSTROM, Appellants; DAVID S. ROUNDS and Another, Respondents.

Fourth Department, June 30, 1937.

*Milton E. Kaeselau,* for the executor and certain legatees, appellants.

*Stanley H. Montfort,* for one of the legatees, appellant.

*Dethloffs E. Klein,* for certain legatees, respondents.

CROSBY, J. David D. Rounds, the testator, died December 24, 1926, leaving a widow, Frieda Rounds, since remarried, a son David S., a daughter Anna Jean, since married, and a stepdaughter who was a daughter of his wife by a former marriage. The stepdaughter's name is Kathryn Cary Rounds. At the time of testator's death his son was seventeen years old, his stepdaughter thirteen and his daughter eleven. Testator had, also, a father, a mother and a sister for whom he made provision in his will. He left an estate of a little over $109,000, and by his will appointed two executors and trustees, only one of whom is now living.

This proceeding was started by the petition of the father of the testator to compel the surviving executor and trustee to account, and to pay the petitioner what was due him under the will. As an incident of the accounting it became necessary to construe the will, and the decree appealed from is one construing the will and directing the executor and trustee to pay to petitioner and to testator's sister certain amounts of money out of the estate. The

decree does not settle the account. Apparently the settlement of the account is being held in abeyance while testing the correctness of this decree construing the will.

The will, omitting the first clause, which provides for payment of debts and funeral expenses, and the last clause which appoints executors and trustees, reads as follows:

" *Second:* I direct my Executors hereinafter named to divide the rest, residue and remainder of my estate into three (3) parts or portions, as hereinafter provided, the first to be known as ' Trust Number 1 '— the second as ' Trust Number 2 ' and the third as ' Trust Number III,' and I give, bequeath and devise to my said executors the said properties, in trust nevertheless, for the following uses and purposes, and in the manner following:

" *Trust Number I:* I direct that my Executors and Trustees shall set aside from the principal of my estate, such a sum as will be adequate to produce an annual income of Two Thousand Dollars ($2,000.00). My said Trustees shall invest and reinvest the corpus or principal of the said trust, and pay over the interest and income therefrom in monthly payments to and for the benefit of my father and mother so long as they shall live. In the event of the death of my father or mother, I direct that the survivor shall take the entire income of said trust. Upon the death of the survivor, I direct that the corpus of the trust and any unexpended income shall be added to Trust Number III, or divided equally among my three (3) children hereinafter named or their heirs, in the event that said Trust Number III shall theretofore have terminated.

" *Trust Number II:* I direct my said Executors and Trustees to set aside from the principal of my estate, such a sum as shall be sufficient to yield an annual income of One Thousand Dollars ($1,000.00). I give, devise and bequeath to my said Executors in trust nevertheless, such properties, to invest and reinvest the same, and to pay over the income therefrom monthly to and for the benefit of my sister, Nellie Rounds Brooks, so long as she shall live.

" Upon the death of my said sister, I direct that the Principal or corpus of the trust shall be paid over and added to Trust Number III, or divided equally among my three children hereinafter named or their heirs, in the event that said Trust Number III shall theretofore have terminated.

" *Trust Number III:* After carving out of my estate property sufficient to create Trust Number I and Trust Number II, I direct that the balance or remainder of my estate, shall constitute Trust Number III. If at any time, however, there shall be in either

Trust Number I or Trust Number II, insufficient corpus or principal to yield the income therein provided for, I direct my said Executors and Trustees to take from Trust Number III, sufficient to make up any shortage which may occur either in Trust Number I or Trust Number II, so that the incomes of the said two trusts as I have provided, shall never be impaired. I give, bequeath and devise all of such properties constituting Trust Number III to my said Executors, in trust nevertheless, to invest and reinvest the same, and for the following uses and purposes:

" The income therefrom shall be paid over to my wife from time to time for the term of her natural life, believing of course, that she will use the same for the maintenance and support also of my son David Schuyler Rounds, my daughter Anna Jean Rounds and my step-daughter Kathryn Cary until they have grown up and are independently situated in life.

" My said trust, however, is subject to the following conditions, to wit:

" When the income of the said trust taken separately or together with such other income as my said wife may receive from other sources, shall at any time be more than sufficient in the opinion of my Trustees to support her and any children remaining with her in the family home, in their present station in life, I direct my Trustees to pay over the surplus of income from time to time for the benefit of the said David Schuyler Rounds, Anna Jean Rounds and my step-daughter Kathryn Cary in such proportions and in such amounts as my Trustees shall deem fit. In making this division of income, I request my said Trustees to take into consideration the need of the particular child at the time, and to have in mind also that my son as he comes to manhood, is expected to be industrious, and being a man, to earn on his own account through his own efforts, and especially by reason of opportunities for business advancement I am providing for him.

" In the event of the death of my said three children prior to the death of my said wife, leaving issue him or her surviving, I authorize my said Trustees to pay over such a portion of such surplus income to said issue, or for their benefit to such an extent as my Trustees in their discretion deem wise.

" In any distribution, I do not want my step-daughter or her issue in any manner discriminated against, but treated with the same consideration as my own children.

" I also give to my Executors and Trustees the power and authority to use a portion of the principal of the trust for the special education of any of my said three children, or in case of special need, either of my wife or of my said three children, believing

at the same time that so far as may reasonably be, the principal of the trust should be kept intact until the death of my wife.

" Upon my said wife's death, the said trust shall terminate and the principal of the trust and any unexpended income shall be divided into equal shares and distributed among the said three children. In the event of the prior death of any of my said three children, I give the share of the one so dying to his or her issue, him or her surviving. If any of my said three children shall theretofore have died without issue, I direct that his or her share go to the survivors, share and share alike."

We agree entirely with the learned surrogate and with the respondents that testator intended that his father and mother should have an income of $2,000 a year from a part of his estate, and that his sister should have an income of $1,000 a year from another part. But it is equally clear that he also intended his widow and children to have a substantial amount. It is impossible, from reading the will, to reach the conclusion that testator intended his widow and his minor children to be left paupers. He intended to provide liberally for his father and mother and sister as well as for his widow and minor children. His intent is, to some extent, defeated, not by reason of any lack of clarity in his will but by the unhappy circumstance that the earning capacity of his estate was seriously cut down by the economic depression that occurred soon after his death. The entire estate has not earned enough income to pay $3,000 a year to the father, mother and sister. Payment to them of that sum is now several thousand dollars in arrears, and the widow and children have not, as yet, had a cent from the estate.

The decree appealed from decides that the will intended an annuity of $2,000 for the father and mother, or the survivor of them, and another $1,000 annuity for the sister, and that the annuitants are entitled to have all arrearages paid to them, out of the corpus of the estate if necessary. Depleting the corpus would make still more remote the chances of the testator's own children ever getting anything.

Respondents argue with great force that the will expresses the clear intent that the so-called annuitants should have the full amount willed to them. They point out that even the corpus of " Trust Number III " in the will is to be invaded from time to time to secure the means of making the corpus of " Trust Number I " and the corpus of " Trust Number II " sufficient to produce the required income. But there is not the slightest intimation anywhere in the will that any part of corpus can be used to make up for failure to produce income. Only in the third trust do we

find any authority for the using up of corpus, and the provision there is that, " for the special education of any of my said three children " or " in case of special need, either of my wife or of my said three children," the corpus of the third trust may be invaded. This provision of the will does not show a lack of solicitude on the part of the testator for his wife and his nearest kin, his children. Far from it.

The intent of a testator in relation to some of his legatees should not be carried out at the expense of totally defeating his intent in reference to others. And it sometimes happens that a testator's intent cannot be carried out at all. Suppose testator had left no estate? Would respondents contend that someone had to pay testator's father and mother $2,000 a year, and his sister $1,000 a year?

This will did not provide for annuities to be paid out of the income, and, if necessary, the corpus, of the estate. It provided for trusts. (*Matter of Clark*, 251 N. Y. 458.)

It provided for the setting up of the three trust funds, one of sufficient property to produce an annual income of $2,000 for the father and mother, one of sufficient property to produce an annual income of $1,000 for the sister, and one of whatever property was left for the benefit of the wife and children. The corpus of none of the three trust funds was intended ever to be used, excepting that of the third for the special purposes already noted.

Those trust funds should have been set up and administered under the direction of the surrogate. That should be done now. It may be that there will be no property available for the creation of trust fund number three. That will be unfortunate for the widow and children. At least their misfortune should not be exaggerated by having the entire corpus of the estate used up to take the place of income which it does not and cannot produce, contrary to testator's clearly expressed intention.

While, as we have said, the intention of the testator is entirely clear, in respect of the matters herein decided, the details of how to set up the trust funds cannot be determined upon the present record. The earning capacity of the various assets of the estate is not shown. The neglected duty to set up the various trust funds will have to be performed under the direction of the surrogate. This court confines itself to a decision that annuities were not intended, that trust funds should be set up as directed by the will, and that the corpus of the trust funds cannot be invaded to make up for lack of income, excepting in the case of the third trust fund (if any property is left with which to create it) for the special needs of the wife and children.

The decree appealed from should be reversed on the law, with one bill of costs to appellants, payable out of the estate, and the matter remitted to the surrogate to proceed in accordance with this opinion.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, CUNNINGHAM and TAYLOR, JJ.

Decree reversed on the law, with one bill of costs to the appellants payable out of the estate, and decree of construction ordered and matter remitted to the Surrogate's Court to proceed in accordance with the opinion.