In the Matter of the Estate of William T. McAvoy, Deceased.

Surrogate's Court, New York County, June 5, 1939.

Conboy, Hewitt, O'Brien & Boardman [Louis C. Haggerty of counsel], for the petitioner.

A. S. Hore, Jr. [Joseph W. McGovern of counsel], for Johanna McAvoy, objectant.

James A. Higgins, special guardian for Gloria Joan McAvoy, Patricia Ann McAvoy, Elizabeth Ann Corrigan and Thomas Esmond McAvoy.

Foley, S. The question of construction raised in this trustee's accounting concerns the nature of the gift for the benefit of the testator's widow. It is contended on behalf of the widow that the gift for her benefit is an annuity, while the residuary legatees contend that a trust is created for the benefit of the widow. The gift in question is in the Fourth paragraph of the will, which provides as follows:

"Fourth: I direct my trustee and executor to set aside on a separate trust so much of my estate as will yield an income of Twenty-four Hundred ($2400.00) Dollars yearly and pay such sum

in equal monthly installments of Two Hundred ($200.00) Dollars to my wife, JOHANNA, during the term of her natural life and upon her death to pay over the principal thereof in equal shares to the remaining separate trusts hereinafter set up and created, to be disposed of in the same manner as the principal of such trusts."

I hold that the above quoted language creates a trust and not an annuity. (*Matter of Rounds,* 252 App. Div. 10; affd., 277 N. Y. 622; *Matter of Clark,* 251 id. 458; *Matter of Kohler,* 231 id. 353; *Delaney* v. *Van Aulen,* 84 id. 16; *Matter of Browning,* 165 Misc. 819; affd., 254 App. Div. 843; *Matter of Smathers,* 133 Misc. 812.)

*Matter of Kidd* (142 Misc. 512; affd., 225 App. Div. 663), cited by counsel for the widow, is not in point here. There the testatrix specifically termed the gift an " annuity " not only once, but twice. That will showed an intention on the part of the testatrix to give the legatee a stipulated sum in any event. No such language can be found in the present will. Similarly, the other cases cited for the contention that the gift is an annuity are not in point here in view of the language employed by this testator in making the gift.

I hold further that the gift to the widow is a charge only upon the annual income from the trust and not upon the entire income. (*Matter of Hirshon,* 251 App. Div. 546.) Deficits of income in lean years may not be made up from surplus income in years in which an excess is earned. It is conceded, however, that the widow is now entitled to the sum of $5,139.41, which amount was paid from her income for expenditures properly chargeable to principal. The decree may provide for the restitution of that amount to the widow out of future income or principal if funds are available.

The trustee's proposed allocation of assets to the widow's trust is approved by the surrogate. No assets are presently applicable to the residuary trusts for the benefit of the children.

All of the remaining objections and amended objections to the account have been disposed of by the directions of the surrogate or the agreement of the parties.

Submit corrected computation of commissions, pursuant to section 285 of the Surrogate's Court Act, and submit decree on notice construing the will and settling the account and supplemental account accordingly.