In the Matter of the Estate of EUGENE A. WHITCOMB, Deceased.

Surrogate's Court. Erie County, December 30, 1940.

Lafay C. Wilkie, for the Manufacturers and Traders Trust Company, as trustee.

Smith & Kendall, for Kate B. Whitcomb, widow and legatee.

John A. Dutton [J. Craig Roberts of counsel], for the trustees of the Masonic Hall and Asylum Fund, respondent.

Harry J. Kelly, special guardian.

VANDERMEULEN, S   The trustees herein seek the construction of the last will and testament.   The sections of the will involved are as follows:

" Eighteenth.   *   *   *

" 2. That such trustee pay over to my wife out of the income of such trust fund a yearly income of Three Thousand Dollars ($3000.00) to be paid in quarterly installments as long as she shall live, and in case of her sickness or accident, any further sums that may be necessary to secure for her the proper nursing and medical attendance, and also for her proper funeral expenses.

" 3. That said Trustees pay to my son, BOISE E. WHITCOMB, an annual income of Fifteen Hundred Dollars ($1500.00) a year until such time as he shall reach the age of twenty-one years, and also any further monies which shall be necessary to pay for his education or necessitated by any sickness of his part.

" 4. That after my son shall reach the age of twenty-one years, that such trustees pay over to him an annual income of Three Thousand dollars ($3000.00) until such time as he reaches the age of twenty-five years, at which time out of such trust funds, over and above such amount as shall be necessary to secure the annuity herein given to my wife, that such trustees pay over to my son one-fifth (1/5) of such funds; and on his reaching the age of thirty years such trustees pay over to him one-half (1/2) of any balance then remaining; and that upon his reaching the age of thirty-five years all the rest and remainder shall be paid over to him, together with any remaining funds in their hands held to maintain the annuity payable to my wife, in case she shall be at that time dead.

" My said trustees are also directed to pay over to my said son any and all funds held in their hands for the benefit of my wife as soon as possible after her death, if such death occurs after my son reaches the age of thirty-five years.

" 5. In the event of the death of my son, BOISE E. WHITCOMB, without issue, before reaching the age of thirty-five years, I will and direct my said trustees to pay to ORVILLE GUPTILL and ROBERT GUPTILL of Belgrade Lakes, Maine, such sums as shall be held by them in trust for my said son at the time of his death, to be shared equally between them, and in the event of the death of either of them to the survivor.

" And in the event of the death of both my son, without issue, and my wife, before me or the fulfillment or termination of any trust herein created, I will, devise and bequeath to said ORVILLE GUPTILL and ROBERT GUPTILL, each, the sum of Fifty Thousand Dollars ($50,000.00) and in the event of the death of either of them before me, then the survivor to receive the whole amount of One Hundred Thousand Dollars ($100,000.00), but in no event under any provision of this will is a greater sum than One Hundred Thousand Dollars ($100,000.00) to be received by them, or either of them.

" In the event of the death of my son before reaching the age of thirty-five years and leaving him surviving any child or children, I direct my said trustees to use the trust herein created for the benefit of my said son and the rents, income and profits thereof, for the purpose of providing for such child or children, and to pay over to such child or children annually for their support, education and maintenance, the income of such trust fund, or any bequest, devise or benefit by this will given to my said son, BOISE E. WHIT-COMB, to be applied equally between said children, in the event that there should be more than one, and continued until such child or children shall respectively reach the age of twenty-five years, at which time said trustees are to pay over a proportionate share of such monies to said child or children, it being my intention and desire that any child or children, the issue of my son, BOISE E. WHITCOMB, shall share equally in any devise or bequest herein made to their father, in the event of his death.

" 6. * * *

" 7. Any residue or remainder of my estate or any legacies which may lapse, or any balance of the trust fund herein provided that may occur through the death of my wife or my son under the conditions as provided in this my last Will and Testament, I will, devise and bequeath to the trustees of the MASONIC HOME AND ASYLUM FUND of the State of New York, to be applied to the use of the Masonic Home and Hospital at Utica, New York."

It is evident that the testator's estate was not as large at the time of his death as he anticipated it would be. Through good work on the part of the executor and trustee, it was able to retain $86,000 for the residuary trust fund, which was set up for the use and benefit of the widow, as provided for in paragraph " Eighteenth " of the will.

For a short time there was sufficient to pay the widow $3,000, and the son $1,500 per annum. Because of the shrinkage in income, through a personal agreement between mother and son, the income was divided, two-thirds to the widow and one-third to the son, regardless of the amount of the increment.

During the year 1939 the net annual income fell below $3,000. Because of this and the fact that the son is unmarried and has no immediate intention of becoming married, it was thought best to obtain a construction of this testamentary instrument.

In this connection, the following questions are submitted:

" 1. Whether it was the intent of the decedent that his widow should receive an annuity of Three Thousand Dollars ($3,000.00) payable out of the principal in the event that the income should not be sufficient and whether it was his intent that any further sums necessitated by sickness or accident should likewise be paid out of principal if necessary;

" 2. Whether it was the intent of the decedent that the provisions for the son originating in subdivision 3 and increased in subdivision 4, should come into operation irrespective of whether or not the principal fund were sufficient to cover the annuity payable to the widow during her lifetime and, if so, should the same continue in effect after the son attained the age of thirty-five (35) years, at which time the principal of the fund should be distributed to him in the event his mother had predeceased him;

" 3. Whether it was the intent of the decedent that, upon the death of the son without issue, either before or after attaining the age of thirty-five (35) years

" a. all or any part of the said trust funds should be payable to ORVILLE GUPTILL and ROBERT GUPTILL, decedent's nephews, or

" b. whether any such sum should be payable to the said nephews only upon the death of the widow, or

" c. whether the Masonic Home and Asylum Fund should participate to any extent in such distribution."

In those uncertain days, which followed the panic of 1929, I feel that a rule consistent with human conduct, as was applied by the courts following the panic of 1857, should be applied. Since 1929 it has been and still is very difficult for a testator to anticipate

what his income may be at the time of his death or thereafter, during the lifetime of his spouse. The widow and the son, during his infancy, were the primary objects of his bounty. The son is now beyond the period of infancy. He is of an age where his earning capacity should be sufficient to support him. He is unmarried. The widow is beyond an age when she has much of an earning capacity. A benign legal doctrine is being accepted by the American courts in connection with situations of a nature of the one under discussion.

I, therefore, hold that it was the intention of the testator that the principal of the said trust fund should be invaded for the purpose of paying an annuity of $3,000 to the widow, to the extent of such an amount as is necessary to make up the difference between the amount of the annual income and $3,000, and in addition any sums necessitated by sickness or accident should likewise be paid out of principal, so long as the income is insufficient.

I further hold that the provisions for the son originating in subdivision 3, and increased in subdivision 4, are not operative during such a period or any part thereof in which there is not sufficient income to realize $3,000 per annum, and the amount of such sums as are necessitated by her sickness or accident; that the principal of the amount cannot be invaded to pay $1,500 per annum to the son.

I further hold that there be no distribution of principal as long as any part thereof is necessary to produce an annuity of $3,000 for the widow.

As to question " 3," I feel that the court cannot at this time determine whether upon the happening of any of the contingencies provided for in the will, there will be any residue passing to Orville Guptill and Robert Guptill, nephews, or to the trustees of the Masonic Home and the Asylum Fund.

Let the decree of judicial settlement provide accordingly, and in addition, that the trustees of the Masonic Hall and the Asylum Fund, named in the will as the Masonic Home and Asylum Fund of the State of New York, are the remaindermen of the trust created by paragraph " Eighteenth " and also named residuary legatees in the will.