In the Matter of the Estate of IDA SCHUTZ, Deceased.

Surrogate's Court, Saratoga County. November 19, 1941.

*Hardin, Hess & Eder* [*Irving I. Goldsmith* of counsel], for The Fifth Avenue Bank of New York, as executor and trustee, etc.

*Brenton Taylor,* special guardian for Robert Heller and Fred Davis Heller.

TUCK, S. This is a proceeding for the construction of paragraph ninth of the last will and testament of Ida Schutz, deceased.

Two questions are involved: *First,* whether the provisions of paragraph ninth in respect to Esther Beekman Schutz constitute a true annuity, and *second,* do the provisions of the will violate the rule against perpetuities.

Paragraph ninth of the will of the decedent, which was admitted to probate by the Surrogate's Court of Saratoga County March 26, 1938, reads as follows:

" *Ninth.* I give, devise and bequeath six of said equal parts into which my estate shall be divided pursuant to the Eighth paragraph of this, my last Will and Testament, being three-fourths of my residuary estate, to the Fifth Avenue Bank of New York, 530 Fifth Avenue, Borough of Manhattan, New York City, as trustee and in trust, to invest and reinvest the same and collect the rents, issues and profits thereof, and after deducting the necessary expenses of said trust, to pay over or apply the same to the support and maintenance of my brother, Rudolph G. Schutz, of 5224 Park Heights Avenue, Baltimore, Maryland, and his family, during his lifetime, and I direct that no assignment or other transfer of said income by my said brother shall be recognized by my said trustee, and that in case the income of said trust shall be more than sufficient to comfortably support and maintain my said brother and his family, that the surplus shall be divided equally between my two nieces, Helene Schutz Heller and Louise Schutz Boas, share and share alike, it being my intention to confer upon my said trustee full discretion in reference to the payment over or application of the said income from said trust estate to the support and maintenance of my said brother and his said family, but it is my will that no part of the income of said trust shall be applied to the payment of any existing debts of the said Rudolph G. Schutz, but I desire the support and maintenance and amounts paid over to him or applied to his support and that of his family shall be generous. Upon the death of my said brother, I charge the corpus of said trust fund with an annuity of Two Thousand Five Hundred Dollars ($2,500.) to be paid to ESTHER BEEKMAN SCHUTZ ($2,500.) wife of my said brother, Rudolph G. Schutz, during her lifetime, in quarterly payments as may be convenient, which annuity shall be paid out of the income of said corpus and subject to the payment of said annuity to the wife of my said brother during her life, I direct my said trustee to divide the said corpus of said trust fund into two equal parts and to hold the said parts in separate and equal trusts, and invest and reinvest each of said parts and keep the same invested for the following uses and purposes:

" (a) To hold one of said parts in trust for my niece, Helene Schutz Heller and pay over to her the net income thereof after deducting her proportionate share of the annuity hereinbefore mentioned, during her lifetime, and at her death, to distribute and pay over said part to her issue, share and share alike, the

descendants of any issue of my said niece who shall be dead to take the share of their parent.

" (b) To hold one of said parts in trust for my niece, Louise Schutz Boas, and pay over to her the net income thereof after deducting her proportionate share of the annuity hereinbefore mentioned, during her lifetime, and at her death to distribute and pay over said part to her issue, share and share alike, the descendants of any issue of my said niece who shall be dead to take the share of their parent."

It is at once apparent that the purpose of the testatrix was to charge the corpus of her estate with an annual payment of $2,500 to Esther Beekman Schutz, wife of her brother. While the language further reads, " which annuity shall be paid out of the income of said corpus," that language merely indicates the primary fund from which the payment shall be made, but does not in any wise fix the ultimate liability upon the amount of income. The amount of the annuity is to be paid under any circumstances. It seems clear that this provision is a true annuity and is not a gift of income. (*Matter of Smathers*, 133 Misc. 812; *Matter of Mehler*, 143 id. 63; *Matter of Savin*, 171 id. 818.)

The provision for the life estate in the corpus of the trust fund for the benefit of Rudolph Schutz, and after his death the division of the corpus of the estate into two separate funds, does not violate the rule against perpetuities. (*Matter of Mount*, 185 N. Y. 162; *Matter of Horner*, 237 id. 489.)

Since the beneficial provision for Esther Beekman Schutz is not a gift of income, the scheme of the will does not violate the rule against perpetuities, and the separate trusts for Helene Schutz Heller and Louise Schutz Boas are valid.

Submit decree accordingly.