In the Matter of the Estate of MARCUS BROWN, Deceased.

Surrogate's Court, New York County, April 6, 1944.

*David L. Holzman* for Louis Brown and another, as executors, petitioners.

*O. Arthur Stumpe* and *Albert Chester Travis* for Ada Brown, respondent.

*Francis A. McAnaney;* attorney designated by Alien Property Custodian, *Blum & Jolles* for Consul General of Poland, and *Joseph Blum* and *Joseph Cohen* for persons within enemy-occupied territory, respondents.

*Harold M. Hoffman* for Millie Neuwahl and others, respondents.

FOLEY, S. In this accounting proceeding of the executors the principal question is raised by an objection of the widow

of the decedent, Ada Brown, to the account. The construction of the will is required. The controversy is whether the testator intended to provide a gift of the income of the trust for his widow or whether he intended to establish a common-law annuity. In other words, it must be determined from the will whether he intended, on the one hand, to give her a fixed sum of money payable at the stated intervals, to be derived from income if sufficient or from income and principal if income alone be not sufficient, or whether, on the other hand, it was his purpose to give her only the income of the principal sum whether the income be large or small. Subordinate questions are raised by other objections filed to the account by the widow and by other persons interested.

The decedent died on August 20, 1941, survived by his second wife and by seven children of his first marriage. His will had been executed on August 31, 1930. The marriage of the decedent to the objectant had taken place about two years prior to the execution of his will.

After directing the payment of his debts and necessary expenses, the testator gave all of his property to his executors and trustees in trust. He directed them to set aside the sum of $100,000 which was to be invested in legal securities. The income of that fund was to be paid semiannually to his wife during her life or until her remarriage. This provision was to be accepted by her in lieu of all claims of dower and any other claims she might have under the law in force at the time of execution or at his death. The will continued in the following language: "It is my intent and purpose to provide for my said wife an annuity of not less than Six Thousand ($6,000) Dollars per annum, and if One Hundred Thousand Dollars shall be insufficient to produce such amount, then my executors and trustees shall set aside an additional amount so as to produce annual earnings of not less than Six Thousand Dollars ($6,000)."

Out of the balance of his estate, the testator gave pecuniary legacies to certain relatives. After the payment of all of these legacies the executors and trustees were to hold the remainder of the estate " to pay annually the following annuities." There followed directions to pay one seventh of the income of the balance of his estate to each of his five daughters during the life of each. On the death of each child the principal was directed to be distributed as if it were part of the residue. All of the remainder of his property was to pass to his two sons outright.

At the time of the execution of the will it is conceded that the decedent was possessed of assets considered by him to be worth approximately $860,000. If he had died possessed of property of such value, it would have been sufficient to permit the setting up of the trust for the widow, the payment of the other pecuniary legacies and the establishment of a generous residue for the benefit of his children. At the time of his death, however, his total assets were valued at $168,000. His net estate, including real estate and large holdings of stock in family real estate corporations, will not greatly exceed $100,000 in value. Much of the property is nonproductive. Even if the appraised value could be realized on liquidation, it would not yield the required income when invested in legals as directed in the will. In fact, however, the productive assets will yield a much smaller sum and it is even asserted by counsel for the widow that the anticipated yield from liquid assets will not exceed $1,000 a year.

The widow contends that the testator intended the creation of an annuity and that she is entitled to receive the sum of $6,000 a year, regardless of whether the trust yields that amount or not.

The Surrogate holds that the testator intended his widow to receive only the income derived from the fund which he directed his executors to set apart for her benefit. The widow is not entitled to receive any payments from the principal of the fund. She is entitled to the income of the fund set up by the executors whether that income be greater or less than the sum of $6,000 a year. (*Matter of Clark,* 251 N. Y. 458; *Matter of Rounds,* 252 App. Div. 10, affd. 277 N. Y. 622; *Delaney* v. *Van Aulen,* 84 N. Y. 16; *Matter of McAvoy,* 171 Misc. 730; *Matter of Mayer,* N. Y. L. J., February 5, 1944, p. 490, col. 1.)

There are many indications of intent in the will which clearly reveal the testator's purpose to confine the gift to the income of the trust only. He directed that the sum of $100,000 be set aside and invested in legal securities " and the income thereof shall be paid semi-annually to my beloved wife." Thus in the opening sentence of the third paragraph of the will he directed that the income only be paid to her. He stated in the will that it was his purpose to provide for his wife " an annuity of not less than " $6,000 a year. He did not direct that she be paid that sum annually but that he desired to provide *not less than* this sum for her benefit. The remainder of this sentence is very significant for in it he gives specific directions as to the manner in which the minimum amount was to be provided.

The will states that if the sum mentioned, namely, $100,000, shall be insufficient to produce such amount " then my executors and trustees shall set aside an additional amount so as to produce annual earnings of not less than Six Thousand Dollars ($6,000)." Thus he expressly directed the manner of computing the sum to be segregated in a trust for the benefit of his wife. The trust was to be invested in legal securities and was to be in an amount sufficient to produce at least $6,000 a year. When the trust fund was established in accordance with the testator's direction the widow was to have the income of the trust even if the income were in excess of the amount stated. In no part of the will did he confine the amount of income to the sum of $6,000. The will specifically states that the fund is to produce " not less than " this amount.

The widow relies upon the authority of certain cases which determined that a provision in a will was an annuity even though the will directed that the payment was to be made from income or rents. (*Pierrepont* v. *Edwards*, 25 N. Y. 128; *Matter of Vanderbilt*, 229 App. Div. 574, affg. 134 Misc. 574; *Matter of Whitcomb*, 175 Misc. 564.) The principle of these cases is well expressed in *Pierrepont* v. *Edwards (supra)* where the court said, referring to the cases then called to its attention, " It will be seen, by an examination of them, that no positive rule of ready application to every case can be laid down, but that each case will depend upon a consideration of all the material provisions of the will to be construed, and of the extrinsic circumstances respecting the testator's family and estate, which may be fairly brought to bear upon the question of intent. The leading principle of the cases is, that when the testator bequeaths a sum of money, or, which is the same thing, a life annuity, in such a manner as to show a separate and independent intention that the money shall be paid to the legatee at all events, that intention will not be permitted to be overruled, merely by a direction in the will that the money is to be raised in a particular way, or out of a particular fund."

In each of the cases cited above, which upheld the provision as a true annuity, the will directed the gift of a definite and fixed annual sum to the beneficiary. Thus the trustees were directed " to pay to the widow $7,000 per annum so long as she should remain a widow " (*Pierrepont* v. *Edwards, supra*); to " pay over to my wife out of the income of such trust fund a yearly income of Three Thousand Dollars ($3,000.00) to be paid in quarterly installments as long as she shall live " (*Matter of Whitcomb, supra*). In *Matter of Vanderbilt (supra)*

the will read as follows: " I also give and bequeath to my said wife the annual income or sum of Two hundred and Fifty thousand dollars, payable to her quarterly ".

In all of these cases the testator directed the payment of a specific sum of money. Under the terms of those wills the beneficiary was entitled to that sum in all events, no more and no less. In the pending case the beneficiary is to receive " not less than " a certain sum. If the testator's assets had not diminished in value the trust as established by the trustees pursuant to the terms of the will might conceivably yield a a larger return in some years. Under the clear language of the will the widow would be entitled to the full income of that fund no matter how much it exceeded the stated sum.

The decisions in *Matter of Gabler* (140 Misc. 581, mod. on other grounds 235 App. Div. 807, affd. 261 N. Y. 517) and *Matter of Ingraham* (158 Misc. 602), which are relied upon by the objectant, are not applicable to the facts in the pending proceeding. Those cases were determined upon the special facts there established and are not pertinent to the circumstances in this proceeding.

There are other tokens of intention in the present will which clearly distinguish it from the instruments in the cases cited. It is true that in the pending will the testator used the term " annuity." An analysis of the entire will, however, clearly indicates that he did not use it in a technical sense. Thus in the fifth paragraph of the will he directed his trustees to pay " the following annuities." In the provisions that followed there was no mention of any fixed sum of money at all. The only direction is to pay each daughter one seventh " of the earnings or income during each year derived from my said estate, which she shall receive each year during her life." Clearly these provisions did not create common-law annuities, and the testator used the term in a loose sense. (*Matter of Smathers*, 133 Misc. 812; *Matter of Fleischer*, 125 Misc. 321.) In the eighth paragraph of the will he used the term " annuities " twice. In the use of the word in the plural he was referring not only to the provision for his wife but to the provisions for his daughters which, as discussed above, were payments out of the income of trusts and not in any way true annuities. It is clear from an examination of the entire will that he did not use the word " annuity " in its strict technical sense but in the colloquial sense to describe a periodic payment of income. Under the circumstances the court would not be justified in attributing to this term a purely technical meaning

when the will so patently shows that in the vocabulary of the testator he had a more liberal meaning.

While no two wills are exactly alike and the decisions construing one will are never decisive upon the interpretation of a different instrument, the decision in *Matter of Clark* (251 N. Y. 458, *supra*) is particularly apposite. The court said: " Here, the will does not place upon the executors and trustees in express language the duty ' strictly to set aside a trust fund sufficient to produce twenty-five thousand dollars.' They were required ' to set aside ' a fund ' *sufficient * * * to produce at the rate of five per cent * * * Twenty-five Thousand Dollars.' In the event, the income of the fund might of course exceed or fall below the rate of five per cent. The testator made no express gift of an annuity or income of $25,000, and gave no express direction for the annual payment by the trustees of that amount, but directed that the ' net income ' of the fund set aside should be paid over to the life beneficiary. We cannot find from the circumstances of the testator or from any other part of the will any intention on the part of the testator that his directions should not be carried out according to their letter."

The Surrogate accordingly holds that the trustees must establish a trust fund in accordance with the directions of the testator. The widow is entitled to receive only the income of the trust. She has no right to payment of any part of the principal.

[Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.]