In the Matter of the Accounting of MAURICE HELLER, as Executor of MORRIS A. FISCHER, Deceased, Appellant-Respondent. GUSSIE FISCHER et al., Respondents-Appellants; SAMUEL J. KRINN, Special Guardian for ERIC FLANDERS and Others, Infants, Respondent-Appellant.

Argued March 10, 1954; decided May 27, 1954.

*William Sonenshine, Travis S. Levy* and *Joseph J. Kozinn* for appellants. I. The trust of the residuary estate is an active trust. (*Cochrane* v. *Schell,* 140 N. Y. 516; *Cooke* v. *Platt,* 98 N. Y. 35; *Moore* v. *Hegeman,* 72 N. Y. 376; *Marx* v. *McGlynn,* 88 N. Y. 357; *Matter of United States Trust Co.* [*Butler*], 86 Misc. 603, 168 App. Div. 903, 216 N. Y. 639; *Matter of Sayre,* 179 App. Div. 269; *Townshend* v. *Frommer,* 125 N. Y. 446.) II. The invalid trust created by paragraph "Second" of the will does not present a proper case for judicial salvage. (*Matter of Silsby,* 229 N. Y. 396; *Matter of Horner,* 237 N. Y. 489; *Matter of Eveland,* 284 N. Y. 64; *Leach* v. *Godwin,* 198 N. Y. 35;

*Matter of Trevor,* 239 N. Y. 6.) III. The trust attempted to be created for the widow failed to comply with section 18 of the Decedent Estate Law. (*Matter of Bommer,* 159 Misc. 511; *Matter of Topazio,* 175 Misc. 132; *Matter of Curley,* 245 App. Div. 255, 269 N. Y. 548; *Matter of Eddy,* 173 Misc. 723, 283 N. Y. 556; *Matter of Braun,* 200 Misc. 23; *Banzer* v. *Banzer,* 156 N. Y. 429; *Goodwin* v. *Coddington,* 154 N. Y. 283; *Tillman* v. *Ogren,* 227 N. Y. 495; *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Matter of Barrett,* 141 Misc. 637; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86; *Eidt* v. *Eidt,* 203 N. Y. 325.)

*Joseph Epstein* for executor, respondent. I. The finding made by the Surrogate that the intervening trust for the infants constitutes a valid trust, and therefore measuring lives, was unwarranted as a matter of law and the reversal of that portion of the Surrogate's decree by the Appellate Division was correct. (*Matter of Hunt,* 110 N. Y. 278; *Matter of Trowbridge,* 266 N. Y. 283; *Matter of Gallien,* 247 N. Y. 195; *Matter of Lytell,* 178 Misc. 996.) II. When an interest is given or an estate conveyed in one clause, it cannot be cut down or taken away except by express words or by clear implication, and that clear implication is contained in the instant will. (*Roseboom* v. *Roseboom,* 81 N. Y. 356; *Clarke* v. *Leupp,* 88 N. Y. 228; *Campbell* v. *Beaumont,* 91 N. Y. 464; *Tillman* v. *Ogren,* 227 N. Y. 495; *Kurtz* v. *Wiechmann,* 75 App. Div. 26; *Herzog* v. *Title Guar. & Trust Co.,* 177 N. Y. 86; *Taggart* v. *Murray,* 53 N. Y. 233; *Crozier* v. *Bray,* 120 N. Y. 366; *Matter of Edwards,* 119 Misc. 659; *Cammann* v. *Bailey,* 210 N. Y. 19.) III. The trust created for the wife is not so closely blended with the direction that the executor hold the residue during the infancy of two infants as to create intestacy. (*Jacoby* v. *Jacoby,* 188 N. Y. 124; *Matter of De Rycke,* 99 App. Div. 596; *Matter of Berliner,* 267 App. Div. 1000; *Matter of Berkel,* 184 Misc. 711; *Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Silsby,* 229 N. Y. 396; *Matter of Horner,* 237 N. Y. 489; *Matter of Durand,* 250 N. Y. 45; *Oliver* v. *Wells,* 254 N. Y. 451; *Matter of Fordham,* 235 N. Y. 384; *Matter of Lawrence,* 238 N. Y. 116; *United States Trust Co.* v. *Hogencamp,* 191 N. Y. 281.) IV. The mandate of the will is not to be nullified by decree of the court. (*Robinson* v. *Martin,* 200

N. Y. 159; *Matter of Forde,* 286 N. Y. 125; *Vernon v. Vernon,* 53 N. Y. 351; *Manice v. Manice,* 43 N. Y. 303; *Everitt v. Everitt,* 29 N. Y. 39; *Smith v. Edwards,* 88 N. Y. 92; *Bliven v. Seymour,* 88 N. Y. 469; *Matter of Colegrove,* 221 N. Y. 455; *Masterson v. Townshend,* 123 N. Y. 458; *Williams v. Petit,* 138 App. Div. 394; *Matter of Kane,* 161 Misc. 767, 251 App. Div. 710.) V. The law favors construction which will sustain the validity of a will rather than one which will result in intestacy. (*Matter of Hitchcock,* 222 N. Y. 57; *Matter of Mount,* 185 N. Y. 162; *Kalish v. Kalish,* 166 N. Y. 368; *Connelly v. O'Brien,* 166 N. Y. 406; *Matter of Title Guar. & Trust Co.,* 195 N. Y. 339.)

*Samuel J. Krinn,* special guardian for Eric Flanders and others, infants, respondent. I. The findings made by the Surrogate that the intervening trust for the infants constitutes a valid trust, and therefore measuring lives, was unwarranted as a matter of law and the reversal of that portion of the Surrogate's decree by the Appellate Division was correct. (*Matter of Hunt,* 110 N. Y. 278; *Matter of Trowbridge,* 266 N. Y. 283; *Matter of Gallien,* 247 N. Y. 195; *Matter of Lytell,* 178 Misc. 996.) II. Where an estate is given in one part of a will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt as to the meaning of a subsequent clause not as clear and decisive as the words giving the estate. (*Banzer v. Banzer,* 156 N. Y. 429; *Tillman v. Ogren,* 227 N. Y. 495.) III. The provision for the mother of the testator is an annuity and not a trust. (*Pierrepont v. Edwards,* 25 N. Y. 128; *Matter of Vanderbilt,* 229 App. Div. 574; *Matter of Whitcomb,* 175 Misc. 564; *Matter of Savin,* 171 Misc. 818; *Matter of Ingraham,* 158 Misc. 603; *Matter of Anderson,* 143 Misc. 250; *Matter of Mehler,* 143 Misc. 63; *People's Trust Co. v. Flynn,* 188 N. Y. 385; *Buchanan v. Little,* 154 N. Y. 147; *Matter of Schutz,* 177 Misc. 477.) IV. The trust created for the wife and the direction that the executors hold the residue during the infancy of the two infants are not so intermingled or interdependent as to result in intestacy. (*Jacoby v. Jacoby,* 188 N. Y. 124; *Matter of De Rycke,* 99 App. Div. 596; *Matter of Berliner,* 267 App. Div. 1000; *Matter of Berkel,* 184 Misc. 711; *Matter of Miner,* 146 N. Y. 121; *Salter v. Drowne,* 205 N. Y.

204.) V. When invalid provisions of a will may be eliminated so as to leave intact the parts that are valid and to preserve the general plan of the testator, such a construction will be adopted as will prevent intestacy, either partial or total as the case may be. (*Kalish* v. *Kalish,* 166 N. Y. 368; *Manice* v. *Manice,* 43 N. Y. 303; *Matter of Colegrove,* 221 N. Y. 455; *Masterson* v. *Townshend,* 123 N. Y. 458; *Hardenbergh* v. *McCarthy,* 130 App. Div. 538; *Matter of Eveland,* 284 N. Y. 64; *Beardsley* v. *Hotchkiss,* 96 N. Y. 201; *Matter of Trevor,* 239 N. Y. 6.) VI. The law favors construction which will sustain the validity of a will rather than one which will result in intestacy. (*Matter of Hitchcock,* 222 N. Y. 57; *Matter of Mount,* 185 N. Y. 162; *Connelly* v. *O'Brien,* 166 N. Y. 406; *Moore* v. *Lyons,* 25 Wend. 118; *Sage* v. *Wheeler,* 3 App. Div. 38; *Matter of Brown,* 93 N. Y. 295; *Delafield* v. *Shipman,* 103 N. Y. 463; *Stokes* v. *Weston,* 142 N. Y. 433; *Bisson* v. *West Shore R. R. Co.,* 143 N. Y. 125; *Corse* v. *Chapman,* 153 N. Y. 466; *Hersee* v. *Simpson,* 154 N. Y. 496; *Goodwin* v. *Coddington,* 154 N. Y. 283; *Matter of Brown* [*Merriman*], 154 N. Y. 313.)

FROESSEL, J. Morris A. Fischer, a resident of Bronx County, died testate on May 5, 1951, survived by his widow, four children, his mother, a brother, two sisters and other kin. Testator's estate, consisting of real and personal property, has a gross value of approximately $152,000. Following a contested probate proceeding, his will was admitted to probate. The widow filed a notice of election to take her share of the estate as in intestacy, pursuant to section 18 of the Decedent Estate Law.

In due course the executor brought this proceeding for the judicial settlement of his account, and for a construction of the will as to (1) whether testator has provided for his widow pursuant to section 18 of the Decedent Estate Law; (2) the manner in which the executor is to establish the fund intended for payment of an annuity to decedent's mother, and (3) what effect, if any, is to be given to the direction suspending the vesting of the corpus of the remainder during the minority of Eric Flanders and Randy Garfinkle, both of whom were infants under the age of fourteen at the commencement of this proceeding.

In paragraph First of decedent's will he gave his brother four parcels of real estate; in paragraph Second he gave his wife, "in lieu of all claims" as his surviving spouse, "one-third of all my property", all but $2,500 of which is to be held in trust during her life, the income therefrom to be paid to her quarterannually; upon her death, the principal is to become part of his residuary estate. In paragraph Third he set up a trust out of the residuary estate, which he charged with an annuity of $25 per week in favor of his mother for her life, the balance "to be held until my grandchild Eric Flanders shall be of full age and reach his twenty-first birthday. In the event my said grandchild shall not reach the age of twenty-one and shall sooner decease, I direct that the said trust be held until my grandnephew Randy Garfinkle * * * shall be of the age of 21 years or shall sooner terminate by death, upon the occurrence of said contingencies, that is, the death of both my grandchild Eric Flanders in the event he does not reach age of 21 and the demise of my grandnephew Randy Garfinkle in the event he does not reach the age of 21, the trust herein provided for shall terminate". He then directs that the balance of the trust corpus be distributed among two sisters and a daughter or their issue surviving, two sons and a grandchild or their next-of-kin surviving, two nephews and a niece or their issue surviving, and two grandnephews or the survivor of them.

The Surrogate ruled that the provisions for the widow accorded with section 18 of the Decedent Estate Law. However, he concluded that the trust set up for her unlawfully suspends the power of alienation by reason of the fact that it might be measured, in addition to her own life, by the lives of Eric Flanders (the grandson) and Randy Garfinkle (the grand-nephew). In an attempt to effectuate as far as possible the intention of the testator, the Surrogate ordered that the trust for the widow be preserved during her life and until the majority of the grandson or his prior decease; he deleted the third measuring life of the grandnephew. Having determined that the remainder interests of the residuary legatees are contingent and therefore not subject to acceleration, he directed that the residue of the corpus of the widow's trust pass as intestate

property to testator's distributees upon the termination of the two measuring lives.

The Surrogate construed the gift to testator's mother in the third paragraph as an annuity chargeable upon the residuary estate, and held, accordingly, that her life is not a measuring life of the residuary trust created in that paragraph and that said trust, except as to the principal of the widow's trust as hereinbefore noted, is valid.

Upon appeal, the Appellate Division modified the decree of the Surrogate. That court concurred in so much of the decision of the Surrogate as determined (1) that testator had duly provided for his widow pursuant to section 18 of the Decedent Estate Law; (2) that the gift to testator's mother is an annuity, and therefore does not constitute a measuring life of the residuary trust, and (3) that the trust for the widow unlawfully suspends the power of alienation for three lives. It differed with the Surrogate as to the disposition of the corpus of the widow's trust, and adopted the view that since there is no provision for the payment of income to anyone during the lives of the grandson and grandnephew, " their lives would merely provide an hiatus or period of delay on passing the estate to the residuary legatees " should the widow predecease these two minors. After pointing out that any accumulation of income during their minorities would be illegal inasmuch as some of the residuary legatees who would be benefited thereby are adults, it expunged the measuring lives of both the grandson and grandnephew " for illegality " and, on the hypothesis that the residuary trust was " dry or passive ", it held that said trust " would be deemed executed " by the passing of the corpus of the widow's trust to the residuary legatees immediately upon her death.

Appellant-distributees appeal to this court from the order of modification (except such part thereof as pertains to costs, disbursements and counsel fees) by leave of the Appellate Division which has certified the following questions:

" 1. Do the provisions of Paragraph ' Second ' of the decedent's Will, purporting to create a trust for the benefit of his widow, comply with the requirements of Section 18 of the decedent Estate Law so as to bar the widow's right of election under said section?

" 2. Does the trust created by Paragraph ' Second ' of the decedent's Will present such a proper case for Judicial excision for invalidity of two of the three measuring lives so that it can be upheld to the extent of preserving such part thereof as creates a life estate in trust for the decedent's widow?

" 3. Does the trust created by Paragraph ' Second ' of the decedent's Will present such a proper case for Judicial excision of two of the three measuring lives for invalidity so that it can be upheld to the extent of preserving such part thereof as pertains to the interests of the persons named in Paragraph ' Third ' of the decedent's Will as remaindermen of said trust? "

Upon this appeal appellants contend that the trust created for the widow failed to comply with section 18 of the Decedent Estate Law, that the trust of the residuary estate is an active trust, and that the widow's trust may not be judicially salvaged. They do not on this appeal challenge the manifestly correct holdings of the lower courts that the gift to the mother under the trust provisions of the third paragraph is an annuity (*Pierrepont* v. *Edwards,* 25 N. Y. 128; *Matter of Whitcomb,* 175 Misc. 564; *Matter of Ingraham,* 158 Misc. 602; *Matter of Anderson,* 143 Misc. 250), and that, as a consequence, her life is not a measuring life of the residuary trust (*People's Trust Co.* v. *Flynn,* 188 N. Y. 385; *Buchanan* v. *Little,* 154 N. Y. 147; *Matter of Schutz,* 177 Misc. 477).

We are in agreement with the courts below that the provisions in the will for the widow are in conformance with section 18 of the Decedent Estate Law. We turn then to the perpetuities aspect of the case.

It is settled beyond dispute that in determining whether a will has illegally suspended the power of alienation, the courts will look to what might have happened under the terms of the will rather than to what has actually happened since the death of the testator (*Matter of Friend,* 283 N. Y. 200, 206, 208–209; *Matter of Durand,* 250 N. Y. 45, 53; *Matter of Perkins,* 245 N. Y. 478, 481–482; *Monypeny* v. *Monypeny,* 202 N. Y. 90, 93; *Matter of Wilcox,* 194 N. Y. 288, 295; *Schettler* v. *Smith,* 41 N. Y. 328, 334–335). By the terms of the second and third paragraphs of the instant will, the absolute power to alienate the corpus of the widow's trust might be suspended for the duration of the

lives of the widow, the grandson and the grandnephew, since during those lives the residuary legatees who would be entitled to take in every event are not capable of ascertainment. Thus testator has violated our statutes prohibiting the suspension of the absolute power of alienation during more than two lives (Real Property Law, § 42; Personal Property Law, § 11). However, it should be noted that such illegal suspension pertains only to the corpus of the widow's trust. The residuary trust, exclusive of the amount of said corpus, is not violative of the suspension statutes, since no more than two lives are involved. The courts below therefore properly and necessarily deleted the third measuring life, viz., that of the grandnephew.

We are likewise in accord with the holdings below that the trust for the widow may be salvaged. That trust, standing by itself, is valid and readily separable from the ulterior provisions of the will. In line with the policy of the courts to carry out the intention of the testator as far as possible, and since that can be accomplished by excising the invalid provisions of the will while leaving the valid parts intact, the trust for the widow may be upheld (*Matter of Lyons,* 271 N. Y. 204; *Matter of Durand, supra; Matter of Silsby,* 229 N. Y. 396; *Davis* v. *Mac-Mahon,* 161 App. Div. 458, affd. 214 N. Y. 614; *Matter of Wilcox, supra; Kalish* v. *Kalish,* 166 N. Y. 368, 375). By sustaining that trust, we effectuate testator's unequivocally expressed desire to defeat the widow's right of election.

We are also of the view that the corpus of the widow's trust may be preserved during the minority of the grandson or until his death prior thereto. Testator's purpose in so providing was manifestly twofold — (1) to assure that there would be an adequate principal in the residuary trust to pay his aged mother's annuity in the event his widow should predecease her, and (2) to permit the accumulation of income for the benefit of the residuary legatees.

The former was undoubtedly his primary object and a valid trust. A trust to pay an annuity out of rents and profits of real property is expressly recognized by section 96 (subds. 2, 3) of the Real Property Law. And a trust to pay an annuity out of personal property is likewise valid (*Cochrane* v. *Schell,* 140 N. Y. 516).

It is true that his secondary object would result in an unlawful accumulation by reason of the fact that some of the beneficiaries thereof are adults (Real Property Law, § 61; Personal Property Law, § 16; *Hawthorne* v. *Smith,* 273 N. Y. 291, 298; *Equitable Trust Co.* v. *Miller,* 197 App. Div. 391, affd. 233 N. Y. 650; *Kalish* v. *Kalish, supra,* pp. 372–373; *Cochrane* v. *Schell, supra,* pp. 527–528; *Barbour* v. *De Forest,* 95 N. Y. 13; *Pray* v. *Hegeman,* 92 N. Y. 508; *Manice* v. *Manice,* 43 N. Y. 303, 377). However, provisions of a will resulting in an invalid accumulation will not affect the validity of a primary direction to pay an annuity (*Cochrane* v. *Schell, supra,* p. 536; see *Hascall* v. *King,* 162 N. Y. 134, 152–153).

That being so, we cannot concur in the conclusion of the Appellate Division that the residuary trust was " dry or passive ", and that as a consequence the corpus of the widow's trust should be paid to the residuary legatees immediately upon her death. The determination of that court as to the passiveness of the residuary trust was predicated on the reasoning that the only duty of the trustees with respect to the corpus was to hold it during the period of the trust " merely to pass it on to the residuary legatees at some later date ". However, the terms of the will definitely provide otherwise.

Upon the widow's death, the corpus of her trust will become part of the residuary trust created in the third paragraph of the will. Testator there gives the remainder of his estate to his executors and trustees in trust " to receive the rents, profits and income thereof " to the uses and purposes following, the first of which is: " To pay over to my mother ANNIE FISCHER * * * during her life time the sum of ($25.00) Twenty-five Dollars per week."

The duty of the trustees to pay this annuity to testator's mother and the broad powers conferred upon them under paragraph Fourth of the will clearly bring the trust within the definition of an active trust as contained in *Townshend* v. *Frommer* (125 N. Y. 446, 458): " inasmuch as the test of activity is not in the importance, or in the obligatory nature of the duty to be performed by the trustee, but consists in what the trust empowers and demands of him. If it is something which the grantor could do, and, in order to carry out, would

require action on his part, then the trust created is an active trust; notwithstanding that, by reason of the statute, the act or duty may be one which, when directed to be performed by a trustee, the statute might execute when the time for performance arrived."

Thus the Appellate Division erred in holding that this was a " dry or passive " trust. We do not know how long the mother may live, and during her lifetime, which may well extend until the grandson becomes twenty-one or sooner dies, she is entitled to an annuity of $1,300 each year. In the meantime, the trust estate must be invested, the income received and paid out, as well as portions of the principal, for the income alone is manifestly insufficient. Under these circumstances, we are dealing with an active trust. And here it may be noted that the mother may not elect to receive in lieu of her annuity the capital sum necessary to produce the payments directed (*Matter of Maybaum,* 296 N. Y. 201, 205). Whether the trust may be deemed executed after the death of both the widow and the mother and before the grandson reaches his majority or sooner dies, need not now be determined.

The question remains as to what disposition is to be made of the residue of the corpus of the widow's trust in the event of the grandson's attaining majority or his prior death. In addition to naming specific remaindermen, testator provided for substituted gifts based upon survivorship at the termination of the residuary estate. Survivorship at the time of distribution of the residuary estate is thus a condition of the gift to the remaindermen (*New York Life Ins. & Trust Co.* v. *Winthrop,* 237 N. Y. 93, 103), and, accordingly, their interests are contingent (*Matter of Crane,* 164 N. Y. 71; *Matter of Baer* v. *Hendricks,* 147 N. Y. 348; *Purdy* v. *Hayt,* 92 N. Y. 446; *Matter of Meahl,* 241 App. Div. 333). The remainder may not, therefore, be accelerated, for it has long been settled in this State that the law will not accelerate a contingent remainder (*Matter of von Isenburg,* 306 N. Y. 847; *Matter of Durand, supra; Matter of Silsby, supra; Benedict* v. *Salmon,* 177 App. Div. 385, affd. 223 N. Y. 707; *Davis* v. *MacMahon, supra; Brinkerhoff* v. *Seabury,* 137 App. Div. 916, affd. 201 N. Y. 559; *Matter of Byrnes,* 149 Misc. 449). It follows that the residue of the corpus of

the widow's trust must pass as intestate property to testator's distributees upon the termination of the grandson's measuring life.

By the foregoing construction of this will, a substantial portion of testator's estate will pass to his brother, a lawful spouse's share to his wife, an annuity to his mother for life, the balance of the widow's trust by intestacy to his four children, and the balance, if any, of the remaining residuary estate to the remaindermen. This conforms with the dominant principle of carrying out as far as possible " within the meaning of the statute " the intention of the testator (*Matter of Durand, supra,* pp. 53, 55).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be modified in accordance with the opinion herein, and, as so modified, affirmed, with costs, payable out of the estate, to all parties appearing separately and filing separate briefs. The first question certified is answered in the affirmative; the second and third questions certified are answered in the negative.

LEWIS, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur; VAN VOORHIS, J., dissents and votes to affirm.

Ordered accordingly.