William T. Collins, S.
Theodore Stuart Hart died testate on January 1, 1951. His last will and testament admitted to prohate in this court January 12, 1951 provided that one half of the adjusted gross estate be held in trust for his wife. Income was payable to her until her death. On her death the principal of this trust fund was to be divided into 14 parts. One of the 14 parts was to be held in trust for a brother-in-law, income to be paid to him during his life, on his death income then payable to his wife; on her death principal to be paid to their two children if then surviving — if deceased, to their distributees. Another fourteenth part was to be held in trust in the same manner for the same parties except that in this instance the sister-in-law would enjoy the first life estate to be succeeded by her husband and on the death of the survivor the principal to be paid as above to their two children.
In each instance the absolute ownership of one fourteenth of the property is suspended for the life of the widow, the brother-in-law or sister-in-law’s and then the latter’s spouse — three lives. This is clearly a violation of section 11 of the Personal Property Law and section 42 of the Real Property Law.
However, the widow’s life estate is valid as are the second life estates for the brother-in-law and sister-in-law. The invalid third life estate of the sister-in-law and brother-in-law respectively may be excised from the prior valid estates. (Matter of Fischer, 307 N. Y. 149; Matter of Lyons, 271 N. Y. 204; Matter of Silsby, 229 N. Y. 396; Matter of Wilcox, 194 N. Y. 288; Kalish v. Kalish, 166 N. Y. 368.)
The next question concerns the disposition of the principal on the termination of the valid life estates. The disposition provided by the will is to two remaindermen if they are surviving on the termination of the illegal trust. Survivorship being a condition the remainder interests are contingent and may not be accelerated. (Matter of Fischer, supra; Matter of von lsenburg, 306 N. Y. 847; Matter of Durand, 250 N. Y. 45.) Since the disposition of the remainders provided by the will falls with the void life estates, the remainder must be treated as intestate property of testator. On the respective deaths of the secondary life beneficiaries the corpus of the secondary trusts must pass as intestate property of the testator.
The eight questions posed in article 16 of the petition are answered in the affirmative.
Submit decree on notice.