Joseph A. Cox, S.
The will of the testatrix created a trust in the principal amount of $40,000 for the benefit of her mother and providéd that, in the event of the mother’s death within a period of time limited by the lives of two named persons, the trust remainder should become part of the residuary estate. *1094 The residuary estate was bequeathed in two separate trusts. One trust, for the primary benefit of the testatrix’ husband and the secondary benefit of her daughter, constituted two fifths of the residuary estate and its term was measured by the lives of the beneficiaries. The second trust, consisting of three fifths of the residuary estate was for the benefit of the daughter and its duration was limited to her lifetime.
All of the trust beneficiaries survived the testatrix but the mother and the daughter later died in that order. Upon the mother’s death the remainder of the trust created for her benefit was payable by the terms of the will to the residuary estate and, were the directions of the testatrix capable of complete fulfillment, two fifths of such remainder would have been added to the residuary trust of which the husband was the primary beneficiary and three fifths of such remainder would have augmented the residuary trust of which the daughter was the sole beneficiary. Such addition to the daughter’s trust was capable of accomplishment inasmuch as the mother’s trust could in no event extend beyond the mother’s lifetime, although it could sooner terminate, and a continuance of a portion of the trust fund in further trust for the lifetime of the daughter would not result in an unlawful suspension of the power of alienation. Unfortunately this is not true in respect of the addition of a portion of the same trust fund to the residuary trust measured by the lives of both the husband and the daughter for in that case the terms of the will contemplated that a portion of the mother’s trust fund could be held in trust for the lives of three persons, namely, the mother, the husband and the daughter.
The invalidity of the afore-mentioned direction in the will has been recognized by the parties to this proceeding and it has been suggested that a valid disposition in keeping with the intention of the testatrix can be accomplished by a marshalling of assets. It is apparent that a marshalling of assets could not have been equitably accomplished at the normal time for constituting the respective trusts and what is now suggested is a readjustment of the funds to circumvent an invalidity. The rule of marshalling of assets, which is one of limited application (Matter of Lanier, 196 Misc. 96,102 et seq.), cannot be here employed to cure the defect in the will (Matter of Schuette, 11 Misc 2d 212, 217-218, affd. 6 A D 2d 1031; Low v. Bankers Trust Co., 270 N.Y. 143,152).
Neither may another suggested result be attained by excision of a life estate and acceleration of the trust remainder inasmuch as this device, intended to salvage a testamentary plan, *1095 cannot be availed of when, as here, the remainder interest is a contingent one (Matter of Fischer, 307 N. Y. 149; Matter of von Isenburg, 306 N. Y. 847).
It follows that the portion of the trust fund directed to be added to the residuary trust for the primary benefit of the decedent’s husband passes as intestate property.
The compensation of the attorney-trustee is allowed in the amount requested.
Submit decree on notice construing the will and settling the account.